## THE STATE ex rel. JACKSON v. BRADLEY, Judge.

### In Banc, January 23, 1906.

1. **JURISDICTION: Defendants.** Section 562, Revised Statutes 1899, stating where actions must be begun and referring to "defendants," must be read in connection with section 539, Revised Statutes 1899, which denominates the parties to an action by referring to plaintiff as the complaining party, and to the defendant as the "adverse" party.

2. ———: ———: **Motion to Dismiss: Admission.** The petition in prohibition, brought to restrain a circuit judge from assuming jurisdiction in a certain cause against defendant, on the ground that the petitioner was not a resident of the county where the suit was brought, charged that the only other defendant in that suit was joined as such for the purpose of attempting to give jurisdiction to the circuit court there. *Held*, that respondent's motion to dismiss admits that charge.

3. ———: ———: **Adverse Party.** A defendant joined as such for the sole purpose of giving jurisdiction to the circuit court over other defendants, is not an adverse party, and jurisdiction cannot be obtained that way.

4. ———: ———: ———: **Apparent From Petition.** Where one of the defendants is not an adverse party to plaintiff, and not a necessary party to the determination of the suit, and no judgment is asked against him and nothing is stated in the petition which would authorize any judgment against him, the court does not, by his being joined as a defendant, get jurisdiction over the other defendant who does not reside in the county.

5. ———: ———: ———: **Case Stated.** The petitioner, an attorney residing in St. Louis, brought a suit for merchants for damages against a corporation. The suit was tried in Johnson county, and two attorneys residing there assisted in the trial, which resulted in a judgment for plaintiffs. Afterwards pe-

193 Sup—3

titioner collected a fee of $17,548.10, and one of the Johnson county attorneys brought suit there against petitioner and the other local attorney for one-fourth of the amount, alleging that the other local attorney was entitled to another fourth, but refusing to join as plaintiff had been made a defendant. *Held*, that the right of either local attorney to recover is in nowise dependent on the right of the other, and the local attorney made a defendant was not an adverse party, and the court acquired no jurisdiction over petitioner.

6. ———: ———: Trust: Accounting. Nor is such suit one in equity to enforce a trust, nor is an accounting necessary to ascertain the interest in the fee of either of the local attorneys. Each claims one-fourth of the fee already paid, a definite sum, and each has a full, complete and adequate remedy at law.

## Prohibition.

RULE MADE ABSOLUTE.

*John E. McKeighan* and *Jos. S. Laurie* for relator.

(1) The circuit court of Johnson county did not acquire jurisdiction over Jackson by service of summons issued to and served in the city of St. Louis. Although Suddath was named as a defendant, there was no joint liability by him and Jackson. In such case, section 562, Revised Statutes, relied on, does not apply. Graham v. Ringo, 67 Mo. 324; Haseltine v. Messmore, 184 Mo. 314. It clearly appears from the petition that Suddath and Jackson are not jointly liable to Houts, and there was therefore no authority for serving Jackson with process in St. Louis. (2) The case of Houts v. Jackson and Suddath is not within the scope of sec. 562, Revised Statutes 1899, because Suddath is not a "defendant" in the meaning of the statute. Section 539 prescribes who is a defendant in the practice in this State—that is, "the adverse party" to the plaintiff. Since Suddath is not a party adverse to Houts, the suit could not be instituted in Johnson county and jurisdiction acquired over Jackson by service in St. Louis. 22 Ency. of Pl. and Pr., 800, note; Allen v. Miller, 11 Ohio St. 378; Thompson v. Massie, 41 Ohio St. 307; Barry

v. Wachosky, 57 Neb. 534.   (3)   That one may be joined
as a plaintiff does not authorize the making him a de-
fendant, if he refuses to join as plaintiff.   The statute
requires that he should be a necessary plaintiff before
his refusal to act as such permits his being named a
defendant. Sec. 544, R. S. 1899; Bliss on Code Plead-
ing, sec. 61; McNear v. Williamson, 166 Mo. 369. Houts
and Suddath, claiming distinct sums of money (al-
though the same in amount), under separate employ-
ments, had no such joint interest as required them to
sue jointly.   15 Ency. of Pl. and Pr., 735; 16 Ency.
Law and Pro., 182, 183, 184. (4)   The proceeding in
Johnson county is not a suit in equity, and cannot be
maintained as such, because from the face of the peti-
tion it appears that Houts has a complete and adequate
remedy at law, on his alleged cause of action.   An ac-
tion for money had and received, or in assumpsit on a
promise for the benefit of another, is perfect remedy on
the allegations of the petition.   Equity will not enter-
tain a case where a party seeks to recover an aliquot
part of a fund, even though the fund is held in trust.
15 Ency. Pl. and Pr., 658; 22 Ibid, 100.   Although a
case may nominally fall under one of the heads of equity
jurisdiction, still if there is an adequate remedy at law
a suit in equity cannot be maintained. 1 Pomeroy's Eq.,
sec. 178 and notes; 22 Ency. Pl. and Pr., 12; Cane v.
Bloodgood, 7 Johns. Ch. 90; Benton Co. v. Morgan, 163
Mo. 677;   Gaines v. Miller, 111 U. S. 395; Buzard v.
Houston, 119 U. S. 341; Paton v. Major, 46 Fed. 210;
Loan Assn. v. Buchanan, 66 Fed. 801.   (5) The join-
ing of Suddath as a defendant was a subterfuge for the
purpose of acquiring jurisdiction in Johnson county
over Jackson, a resident of St. Louis.   This stands ad-
mitted by the pleadings, and is a practice which will not
be tolerated by the courts.   Bank v. Knox, 47 Mo. 333;
Byler v. Jones, 79 Mo. 261; Diffenderffer v. Rowden,
83 Mo. App. 268.

*O. L. Houts* for respondent.

(1) Under the allegations of the petition the amount due each, Jackson, Suddath and Houts, is dependent upon proof of matters of fact and calculation and can be determined only by an accounting in which all are parties. Under the allegations of the petition Jackson, Suddath and Houts all had an undivided, unascertained interest in this balance in the hands of Jackson, and he holds it as trustee for himself and them. Houts therefore properly sued in equity for an accounting, and made Jackson and Suddath defendants. R. S. 1899, sec. 543; Carr v. Waldron, 44 Mo. 393; Dillon v. Bates, 39 Mo. 292; Harrison v. Murphy, 106 Mo. App. 465; Frost v. Redford, 54 Mo. App. 353; Wolff v. Ward, 104 Mo. 155; Gartside v. Gartside, 113 Mo. 358; Goodwin v. Goodwin, 69 Mo. 617; Roselle v. Bank, 119 Mo. 84; Reilley v. Cullen, 159 Mo. 322; Roselle v. Beckemeir, 134 Mo. 391. It is so held by the United States Courts: McKey v. Lamon, 159 U. S. 317; Minnesota v. Northern Securities Co., 184 U. S. 199; Belding v. Gains, 37 Fed. 817; Ins. Co. v. Svendson, 74 Fed. 736; Jessup v. Railroad, 36 Fed. 736. The rule is fundamental and prevails everywhere. 16 Cyc., p. 181; 15 Enc. Plead. and Prac., 672-3-4, 735-736-614; Husted v. Thompson, 158 N. Y. 328; Bundy v. McClain, 104 Wis. 363; Bue v. Mechanics Bldg Ass'n, 74 N. C. 17; Bank v. Gardner, 3 Gray (Mass.) 304; Perry on Trusts, p. 843; Hill on Trusts, pp. 518-847; Jones on Mortgages, sec. 1369; Adams' Equity (8 Ed.), 314; 1 Pomeroy's Eq. Jur. (2 Ed.), sec. 114. (2) Suddath was properly and necessarily made a defendant with Jackson in the action by Houts, because their interests in the trust were and are unascertained, and an accounting was necessary. Suddath and Houts were and are alike interested in having Jackson declared a trustee, but then and there the indentity of the interests of Suddath and Houts ceases. Houts seeks to recover for himself, and

not for himself and Suddath jointly, his reasonable fee for the services rendered. When Jackson is declared a trustee, the interests of Suddath and Houts become adverse, because each claims for himself an unascertained interest in the same trust fund. Jackson cannot, therefore, deprive the circuit court of Johnson county of jurisdiction of the case of Houts v. Jackson and Suddath by this writ or by asserting that Suddath should have been made plaintiff instead of defendant. And making Suddath a defendant in the action did not amount to collusion for the purpose of giving the circuit court of Johnson county jurisdiction, because Suddath was an indispensable party defendant in this suit, and where that is the case there can be no collusion. This is the law of this State, it is submitted, settled by statute and a long line of decisions. R. S. 1899, sec. 543; Carr v. Waldron, 44 Mo. 393; Dillon v. Bates, Trustee, 39 Mo. 292; Harris v. Murphy, 106 Mo. App. 465; Wolff v. Ward, 104 Mo. 155; Frost v. Redford, 54 Mo. App. 353. This is the law in the Federal Courts and everywhere. Belding v. Rains, 37 Fed. 817; McKey v. Lamon, 159 U. S. 317; Jones on Mortgages, sec. 1369; 5 Ency. Plead. and Prac., 672-3-4, and note. The interest of Suddath was not joint with that of Houts. Richey v. Bronson, 33 Mo. App. 424.

MARSHALL, J.—This is an original prohibition to prevent the respondent from entertaining jurisdiction in a certain case in Johnson county, Missouri, wherein O. L. Houts is plaintiff, and the relator and James W. Suddath are the defendants, on the ground that the respondent has no jurisdiction over the person of the relator in that case. A preliminary rule in prohibition was issued by this court, and at the return term thereof, the respondent appeared and moved to dismiss the cause on the ground that the petition and exhibits upon which the preliminary rule in prohibition was granted, show that the respondent had jurisdiction

of the subject-matter of the action, and of the parties thereto, including the relator, and had not exceeded his lawful powers; and further because upon the facts stated in the petition this court would necessarily have to pass upon the merits of that action in a proceeding by prohibition; and further because the petition is insufficient in law.

The case, therefore, stands for judgment upon the facts stated in the petition, which so far as the same are well pleaded, are confessed by the motion to dismiss. The essential facts stated in the petition are these:

The respondent is the judge of the circuit court of Johnson county. On the 14th of January, 1904, Houts instituted a suit against Jackson, in the circuit court of the city of St. Louis, to recover the sum of $4,378, alleged to be due him for his services as attorney in a certain suit heretofore prosecuted to final judgment and recovery, in a case wherein Minter Brothers sued Bradstreet Commercial Agency for libel and recovered $27,000 with interest, and wherein Jackson collected, as principal, interest and costs, the sum of $36,-298.10 and retained thereof the sum of $17,548.10, for the purpose of covering the fees of Jackson, Houts and Suddath. Suddath also instituted a similar suit against Jackson in the city of St. Louis. It was agreed in those suits that the judgment in one should settle both. Both of those cases are pending and undetermined. While those cases were still so pending, Houts instituted a similar suit in the circuit court of Johnson county against Jackson and Suddath, alleging that he and Suddath were each entitled to one-fourth part of the $17,-548.10 retained by Jackson as aforesaid, and that Suddath refused to join as a party plaintiff, and therefore he was made a party defendant. Summons was issued and served on Suddath in Johnson county, but Jackson not being found therein, a summons against him was issued and sent to the sheriff of the city of St. Louis, who served the same upon Jackson in that city.

At the return term Jackson appeared, limiting his appearance for the purposes of the motion, and moved to quash the summons and dismiss the suit, on the ground that the court had no jurisdiction over him, because he resided in the city of St. Louis and the plaintiff resided in Johnson county.  The court overruled the motion to dismiss, and thereupon Suddath filed an answer in which he admitted all the allegations of the petition and affirmatively prayed judgment against Jackson for one-fourth of the $17,548.10, which Houts alleged Jackson had received.  Jackson then applied to this court for this writ of prohibition.

I.

*Jurisdiction.*

Section 562, Revised Statutes 1899, provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: first, when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county," etc.

There were several  defendants in the action of Houts against Jackson and Suddath.  They resided in different counties.  The question, then, is, whether, under the second subdivision of the section quoted, the circuit court of Johnson county could acquire jurisdiction over Jackson, who resided in the city of St. Louis, on the ground that he was a defendant in the suit in which Suddath, who was a resident of Johnson county, was also defendant.

This provision of the statutes underwent adjudication by this court in Graham  v. Ringo, 67 Mo. 324. That was an action against Ringo, as maker, and Hector, as guarantor, of a certain promissory note.  Hector resided in Cape Girardeau county and Ringo re-

sided in and was served in Scott county. The action was instituted in the Cape Girardeau Court of Common Pleas. After judgment by default, Ringo, appearing specially, moved to set aside the judgment, for the reason that he could not be jointly sued with Hector, and being a resident of Scott county, the common pleas court of Cape Girardeau county acquired no jurisdiction over his person by the service of process on him in Scott county. The lower court sustained the motion and the plaintiff appealed. This court held that the obligation of Ringo and Hector was not a joint engagement, and therefore they could not be sued jointly. It then held (l. c. 326): "Nor could any judgment have been rendered in this action against Ringo alone. He was not jointly liable with the defendant Hector, and did not reside in the county in which the action was brought, and was not served with process in said county, and the court acquired no jurisdiction over his person. Our statute provides that when there are several defendants, residing in different counties, suit may be brought in either of said counties, and in such case, a separate summons shall be issued to each county for all the defendants residing therein. But this statute evidently contemplates a case in which there is a joint liability on the part of all the defendants. It was not necessary for the defendant Ringo to appear and plead to the jurisdiction of the court, as was done in the case of Capital City Bank v. Knox, 47 Mo. 333, as it sufficiently appeared from the face of the petition that the defendants were not jointly liable, and that the defendant Hector was joined for the purpose of acquiring jurisdiction over the defendant Ringo."

The proper construction of section 562, Revised Statutes 1899, again came before this court in Haseltine v. Messmore, 184 Mo. l. c. 314. After quoting the first clause of that section, it was said: "It was held in the case of Graham v. Ringo, 67 Mo. 324, that where two persons who are not jointly liable are joined as de-

fendants in one action, if one of them resides and is served with process in a county other than that where the action is brought, the court acquires no jurisdiction over him; and if the misjoinder appears from the face of the petition, the question of jurisdiction may be raised after judgment.'' It was further held that ''unless there is a joint liability between the defendants, an action cannot be maintained against them jointly.''

The respondent contends that Graham v. Ringo is in effect overruled in Maddox v. Duncan, 143 Mo. 613. Of this it is sufficient to say that the question of jurisdiction decided in Graham v. Ringo, and involved in this case, was not present in Maddox v. Duncan, and Maddox v. Duncan was not intended by the writer thereof as overruling what was said in Graham v. Ringo, on the question of jurisdiction. For BURGESS, J., who wrote the opinion in Maddox v. Duncan, also wrote the opinion in Haseltine v. Messmore, 184 Mo. l. c. 314, and expressly cited and followed Graham v. Ringo, on the question of jurisdiction.

Section 562, in speaking of where actions must be begun, and in referring to ''defendants,'' must be read in connection with section 539, Revised Statutes 1899, which denominates the parties to an action by referring to the plaintiff as the complaining party, and the defendant as the ''adverse'' party.

The petition charged the fact to be that Houts joined Suddath as a party defendant with Jackson in the case in Johnson county for the purpose of attempting to give jurisdiction to the circuit court of Johnson county, and the motion to dismiss this case admits that fact. In such cases a defendant so joined is not really an adverse party to the plaintiff. No judgment is asked in the petition against Suddath, and no facts were stated which would entitle Houts to a judgment against Suddath. On the contrary, the petition alleges facts, which, if true, would entitle Suddath to an aliquot part of the $17,548.10, and which would entitle Houts to a

separate aliquot part thereof, but the question of the right of either to recover is not in any manner dependent upon the right of the other to recover, and a judgment in a suit by either against Jackson would not be *res adjudicata* of the right of the other to a judgment against Jackson. It is, therefore, manifest that Suddath was neither an adverse nor a necessary party to the determination of the controversy between Houts and Jackson, and that the mere joining of Suddath' in the suit in Johnson county, was, as the petition charged, for the sole purpose of vesting jurisdiction over Jackson in the circuit court of Johnson county. Such a practice has been expressly condemned by the highest courts in the other States and by the text-writers. [22 Enc. Pl. and Pr., p. 800, note; Allen v. Miller, 11 Ohio St. 1. c. 378; Thompson v. Massie, 41 Ohio St. 1. c. 317; Barry v. Wachosky, 57 Neb. 534.]

The Supreme Court of Ohio, in Allen v. Miller, supra, aptly determined the question here involved as follows:

"Now, these assignors, in so far as they had any 'interest in the subject of the action,' were interested, with the plaintiff, 'in obtaining the relief demanded,' and ought, if made parties at all, to have been made parties plaintiff. True, they might have refused their consent to become plaintiffs, and then they might have been made defendants, 'the reason being stated in the petition.' This was not done. But if it had been done, we think it would not have affected the question. Consent might be withheld for the express purpose of conferring jurisdiction upon a court, whose jurisdiction it is the policy of the law to exclude. And the important question of jurisdiction must not be permitted to turn upon individual caprice, or fictitious and colorable arrangements. It seems to us, that the words, 'defendant' and 'defendants,' as employed in those sections of the code to which reference has been made, in so far as they affect the question of jurisdiction, must be held

to mean not nominal defendants merely, but parties who have a real and substantial interest adverse to the plaintiff, and against whom substantial relief is sought; and that to hold otherwise would open wide a door to all sorts of colorable devices, to defeat the policy of the law in respect to jurisdiction—devices difficult to detect, but oppressive and wrongful in their practical operation.''

And in Barry v. Wachosky, 57 Neb. 534, it was said: ''The test for determining whether an action is rightly brought in one county against a defendant found and served therein so that the other defendants may be served in a foreign county, is whether the defendant served in the county in which the action is brought is a bona fide defendant to the action—whether his intrest in the action and the result thereof is adverse to that of the plaintiff.''

The code of this State recognizes and proceeds upon the same theory. Section 543, Revised Statutes 1899, provides: ''Any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein.'' And section 544 provides: ''Parties who are united in interest must be joined as plaintiffs or defendants, but if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the petition. This section shall apply to both actions at law and suits in equity.''

In 15 Ency. Pl. and Pr., 735, it is said: ''The test of unity of interest intended by the statute is such joint connection with the subject-matter as will preclude a separate action.''

In 16 Cyc. of Law and Proc., 184, it is said: ''No person is a necessary party to a suit in equity, although he may have an interest in the subject-matter, if such interest cannot be affected by the decree. Therefore,

the object rather than the subject of the suit must be looked to, and only those are necessary parties whose rights are involved in the purpose of the bill. Therefore, also, the prayer for relief is important in determining the requisite parties, as one need not be made a party against whom no relief is demanded, provided his rights will not necessarily be affected. It follows that where others are not thereby affected, plaintiff may dispense with a party otherwise necessary by waiving his claim against him.''

In McNear v. Williamson, 166 Mo. 1. c. 369, this court said: ''Arthus Jennings was not a necessary party to this suit and it was therefore improper to have made him a defendant. Section 544, Revised Statutes 1899, providing that parties united in interest with the plaintiff and refusing to join in the suit may be made defendants, does not apply to a case in which the plaintiff may sue for and recover his interest, independent of another party who has a like interest.''

To the same effect also is 15 Ency. of Pl. and Pr., 658; 22 Ency. Pl. and Pr., 100; Story's Equity Pleading, 207a; Pomeroy's Eq. Juris., sec. 178, and notes; Hubbard v. Burrell, 41 Wis. 365; Gaines v. Miller, 111 U. S. 395.

The defendant, however, contends that this suit is a proceeding in equity to enforce a trust, and that Suddath is a necessary party, because he has an interest in the fund, and that the interests of Houts and of Suddath have not yet been ascertained, and that in order to ascertain them, an accounting must be had.

An examination of the petition in the case of Houts v. Jackson and in Suddath v. Jackson, pending in the circuit court of St. Louis City, as also an examination of the petition in the case of Houts v. Jackson and Suddath, pending in the circuit court of Johnson county, clearly demonstrates that this contention is wholly untenable. Houts claims one-fourth of the amount retained by Jackson independent of any claim Suddath may

have against Jackson.  Likewise Suddath claims one-fourth of that amount irrespective of any claim that may be asserted or maintained by Houts against Jackson.  The employment of Houts and Suddath, although for a contingent fee, was wholly independent of each other.  A judgment in either case would not affect the other case.  Houts neither has nor claims to have any rights against Suddath, and vice versa.  Each claims a certain portion of the fee collected by Jackson.  No accounting is necessary, for the amount received by Jackson is admitted by all parties.  The only question that could be determined in either of the suits of Houts against Jackson or Suddath against Jackson, is whether the plaintiff in each suit was entitled to recover from Jackson, and if so, how much.  In other words, the action of Houts against Jackson in St. Louis, and the action of Suddath against Jackson in St. Louis, is purely an action at law for money had and received.  The same is true of the action of Houts against Jackson and Suddath in Johnson county.  The plaintiffs in those cases have a full, complete and adequate remedy at law, and therefore the action in equity will not lie.  The action here sought to be prohibited is in no sense a proceeding in equity.  It is a plain action at law to recover $4,378 from Jackson as for money had and received by him to the use of the plaintiff, and is in no sense an action against Suddath.

The reason and logic of the foregoing leads to the inevitable conclusion that the plaintiff Houts joined Suddath as a defendant with Jackson in the Johnson county suit for the purpose of giving jurisdiction to that court, but not with any idea or expectation of obtaining any judgment whatever against Suddath; that the object of that suit was to recover a certain portion of a certain and ascertained fee collected by Jackson, and that the judgment in that case would have no effect whatever upon any claim Suddath might have against Jackson.  Under such circumstances the circuit court of

Johnson county had no jurisdiction of the case. Jackson resided in St. Louis, was entitled to be sued there, and had actually been sued there before the suit in Johnson county was instituted. It follows that the preliminary rule in prohibition must be made, and is made, absolute.

Gantt, Valliant, Fox and Lamm, JJ., concur; Burgess, J., concurs in what is said as to the law, but dissents from the judgment on the ground that relator had an adequate remedy by appeal from the ruling of the trial court; Brace, C. J., absent.