STATE OF MISSOURI at the relation of MARION J. HANNIGAN, Relator, v. ROBERT J. KIRKWOOD, Judge of the Circuit Court of City of St. Louis.—114 S. W. (2d) 1026.

Division One, April 1, 1938.

*Louis Hudson* for relator.

*Rudolph K. Schurr* for respondent.

BRADLEY, C.—This cause is in prohibition. Relator filed petition in this court seeking to prohibit respondent (a judge of the St. Louis Circuit Court) from further proceeding in a receivership matter. Preliminary order or writ was issued, and respondent filed return. Respondent has filed a motion to quash the preliminary writ and dismiss the petition. The motion charges that relator's

abstract and brief do not comply with our Rules 13. and 15. The motion was taken with the case. Relator did not print in his abstract all that he should, but the originals are here, and since the question for decision is reasonably well presented in the brief, the motion is overruled.

It is alleged in the petition that relator and Otis M. Gallant, on April 1, 1933, entered into a partnership agreement for the practice of law in St. Louis, and continued in the practice, under the agreement, until June 29, 1936; that on July 3, 1936, Gallant filed suit in the Circuit Court of St. Louis, asking for dissolution of the partnership, for a receiver, and for an accounting; that the cause was transferred to the equity division (Division 3), and that without notice to relator, a temporary receiver was appointed on July 9, 1936.

The order (made by Judge Padberg, then presiding in Division 3) appointing the temporary receiver follows:

"Ordered that Dewey Godfrey be and is hereby appointed temporary receiver of all the property, real and personal, and all choses in action of the above named plaintiff and defendant as co-partners doing business under the firm name and style of Gallant & Hannigan with the right and power to forthwith seize and take charge of all the said property, assets and effects and all the choses in action of said partnership; to collect all moneys due to the said partnership and to do all such other things as may be necessary for the partnership and for the collection, protection and preservation of its assets and to report to this court what he deems necessary or desirable in reference to the preservation and conservation of said partnership assets until the further order of this court, and it is further ordered that said receiver, before taking possession of said assets, shall file a bond duly approved by this court in the sum of $20,000 conditioned upon the faithful performance of his duties and upon the filing of which the said receiver shall take possession of the partnership assets until the further order of this court, and it is further ordered that the plaintiff and defendant and all persons in possession of or having control of property or assets belonging to said partnership shall forthwith deliver the same to the receiver."

It is further alleged that relator (when the order appointing a temporary receiver was made) did not know the dissolution suit was filed; did not know of the appointment of a temporary receiver "until long after the term of court, at which said action had been taken, had expired;" that plaintiff in the dissolution suit had not taken any further action; that relator obtained knowledge of the suit from the activities of the temporary receiver. It is alleged that Judge Padberg had no authority or jurisdiction to appoint a temporary receiver without notice to relator, and that on account of the appointment without authority and jurisdiction to do so, re-

lator has been deprived of his property (assets of the partnership) without due process of law in violation of Amendment 4 and 5 (Amendment 4, and Sec. 1 of Amendment 14 are meant) of the Constitution of the United States and in violation of Section 28, Article 2, Constitution of Missouri. Also, it is alleged that in appointing the temporary receiver, relator's rights under Section 30, Article 2 of the Constitution of Missouri were violated.

The return admits: The official status of respondent; the partnership as alleged, and that relator and Gallant functioned under the partnership agreement until June 29, 1936; and admits the filing of the dissolution suit and the appointment of a temporary receiver without notice to relator. Denies that relator did not know of the filing of the dissolution suit and the appointment of a temporary receiver "until long after" the term of court had expired; denies that the plaintiff (Gallant) in the dissolution suit had "not taken any further action in said cause;" denies that relator's knowledge of the dissolution suit was obtained on account of the activities of the temporary receiver; denies the lack of authority and jurisdiction to appoint a temporary receiver without notice to relator; and denies that relator's constitutional rights have been violated.

The return alleges that at the time the dissolution suit was filed, relator was suspended from the practice of law in Missouri, and was a resident of Chicago, Illinois, and was there practicing law; that both relator and Gallant had been suspended from the practice of law in Missouri prior to July 3, 1936 (when dissolution suit was filed), and that clients of the partnership were left without representation, and that creditors of the partnership and the partners themselves were and would be subjected to great loss, unless a temporary receiver was appointed; that the temporary receiver was required to and did execute his receiver's bond in the sum of $20,000, and obligated himself to pay $100 premium therefor; that the temporary receiver had collected $1660.10 belonging to the partnership and paid therefrom the $100 premium for the bond, and paid himself $300 for services as temporary receiver, and that "then the said relator herein first applied for a writ of prohibition," although he had for some time known that a temporary receiver had been appointed. It is alleged in the return that, except for the activities of the temporary receiver, "numerous cases" represented by the partnership would have been dismissed, and that clients of the partnership would have been irreparably injured. And it is alleged in the return that relator on February 18, 1937, "while still a nonresident" filed a motion in the circuit court to set aside the order appointing the temporary receiver; that the motion was overruled February 26, 1936, and that thereafter, relator stood by until claims had been filed and disbursements made "before the relator herein

attempted to attack the jurisdiction of the circuit court in so appointing a temporary receiver."

The return further alleges "that the action of the court in appointing a temporary receiver on July 3 (July 9th) 1936, on an *ex parte* hearing, and without notice to relator herein, was a proper and necessary act to preserve and protect property rights of the clients and creditors of the partnership and of the partners themselves, and to prevent irreparable injury to said clients, creditors and partners by reason of the inability of the partners to continue to represent those clients because of their suspension from the practice of law in this State; that the relator herein could not be, or was not injured in any way whatsoever by the appointment of the receiver to represent the partnership interests at a time when the partners were unable to represent their interest themselves."

█ No reply was filed by relator to the return of respondent. The statute (Sec. 1613, R. S. 1929, Mo. Stat. Ann., sec. 1613, p. 1765) provides that the relator in a prohibition proceeding may reply to the return. We assume that relator did not deem it necessary to file a reply. Section 1611, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1611, p. 1763), provides that prohibition proceedings shall "conform as nearly as practicable, to the code of civil practice," except as provided in the prohibition statute. The Code of Civil Procedure, Section 800, Revised Statutes 1929 (Mo. Stat. Ann., sec. 800, p. 1049), provides that "every material allegation of the petition not controverted by the answer, and every material allegation of new matter contained in the answer (return here) not controverted by the reply, shall, for the purposes of the action, be taken as true."

█ In view of the pleadings, the following facts are admitted: (1) The partnership of relator and Gallant, and that they functioned under the partnership agreement until June 29, 1936; (2) the filing of the dissolution suit by Gallant and the appointment of the temporary receiver without notice to relator; (3) that at the time the dissolution suit was filed and a temporary receiver asked for, both relator and Gallant were suspended from the practice of law in Missouri, and that relator was a nonresident of the State; (4) that because of the suspension, clients of the partnership were left without representation; and (5) that creditors of the partnership and the partners themselves and their clients were and would be subjected to great loss unless a temporary receiver was appointed. Other facts, in view of the failure to reply, stand admitted, but they concern matters subsequent to the appointment of the temporary receiver.

The order appointing the temporary receiver, six days after the petition was filed, recites that the court was fully "advised in the premises," hence it may be assumed that the court was advised of all the facts as they existed at the time of the appointment. The

statute (Sec. 998, R. S. 1929, Mo. Stat. Ann., sec. 998, p. 1260) authorizing the appointment of a receiver does not mention the subject of notice. However, notice to the adverse party is required, except under certain conditions. In considering the question of the appointment of a receiver without notice this court, in State ex rel. American Lead & Baryta Co. et al. v. Dearing, 184 Mo. 647, l. c. 660, 84 S. W. 21, said: "All the cases concur in holding that before such an order (appointing a receiver) is made, the persons to be affected must have notice and an opportunity to be heard, and the only exceptions to this rule are, first, where defendants are non-residents or conceal themselves to prevent service of notice, and, second, where irreparable injury will probably ensue if the property is not brought into the court at once and before notice can be served."

And in 53 Corpus Juris, section 54, page 59, the rule is stated thus: "A receiver may be properly appointed without notice, and before giving the adverse party an opportunity to be heard, in, and only in, an extreme and exceptional case, in which there is a great emergency and an imperious and most stringent necessity for an immediate appointment, as where the adverse party is out of the jurisdiction of the court or cannot be found and served with notice, or, for some other reason, it is absolutely and imperatively necessary for the court to interfere, before the lapse of the time required to give notice and afford a hearing, in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights."

We do not think it necessary to say more. Under the admitted facts, as they existed when the temporary receiver was appointed, we rule the appointment was proper. The preliminary writ should be quashed, and it is so ordered. *Ferguson, C.,* absent; *Hyde, C.,* concurs.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.