STATE of Missouri, at the Relation of C. Frank REEVES, Prosecuting Attorney of Mississippi County, Missouri, Relator,

v.

Honorable Robert G. BRADY (Successor to Honorable F. L. Jackson), Judge of the Cape Girardeau Court of Common Pleas, Respondent.

No. 45974.

Supreme Court of Missouri,
En Banc.

June 10, 1957.

C. Frank Reeves, Pros. Atty., Mississippi County, Charleston, John M. Dalton, Atty. Gen., Robert R. Welborn, Asst. Atty. Gen., for relator.

Robert A. Dempster, Sikeston, William H. Becker, Columbia, for respondent.

HYDE, Judge.

Prohibition to prohibit the Judge of the Cape Girardeau Court of Common Pleas from proceeding in a case for declaratory judgment to determine the right of the plaintiffs therein to sell nonintoxicating 3.2% beer on Sunday, in Mississippi County, and to enjoin the Prosecuting Attorney and Sheriff of Mississippi County from enforcing Sec. 563.720 (statutory references are to RSMo and V.A.M.S.) to prevent the sale of such beer on Sunday.

The question for decision is whether or not the Cape Girardeau Court of Common Pleas has jurisdiction to entertain and determine the action brought for declaratory judgment and injunction. For the reasons hereinafter stated, we have decided that it does not have such jurisdiction.

Relator has filed no pleading to respondent's return so all well pleaded allegations of the return will be accepted as true and allegations of the petition specifically denied will be taken as false. State ex rel. Connors v. Shelton, 238 Mo. 281, 142 S.W. 417; see also State ex rel. Hannigan v. Kirkwood, 342 Mo. 242, 114 S.W. 2d 1026; State ex rel. Iron Fireman Corporation v. Ward, 351 Mo. 761, 173 S.W.2d 920; State ex rel. O'Connell v. Nangle, Mo.Sup., 280 S.W.2d 96. The petition in the declaratory judgment injunction case, incorporated by reference in the prohibition petition, states in Count I, seeking a declaratory judgment, that the plaintiffs are residents of Mississippi County holding licenses to sell nonintoxicating beer; that the Prosecuting Attorney contends the sale of such beer by them on Sunday would violate Sec. 563.720 and threatens prosecution. The petition states in Count II, seeking an injunction, that the Prosecuting Attorney had informed plaintiffs by letter that he would consider any one selling 3.2% beer on Sunday to be acting in deliberate defiance of law and that it would be his duty to prosecute them; and that unless enjoined the Prosecuting Attorney and Sheriff would make frequent arrests of plaintiffs. George Leibig, who is joined as a defendant, is not mentioned in Count II and no injunctive relief is sought against him. It is alleged in Count I that he is District Liquor Control Supervisor for District 5 which includes Mississippi County, and that he is a resident of Cape Girardeau with his office in that city. There are no allegations concerning Leibig but the following allegations are made concerning the Liquor Control Department, namely: "that if said prosecution prevails that the rights of plaintiffs are jeopardized and the right to hold a license issued by the State of Missouri would be put in jeopardy, that plaintiffs would be subject to citation by the Supervisor of Liquor Control"; and that plaintiffs "would be in danger of losing their nonintoxicating beer license and subjected to a citation and a hearing by the State Liquor Department that plaintiffs would be endangered with the respect to their present license to sell nonintoxicating beer under Chapter 312, R.S.Mo.1949." The authorities under which the Prosecuting Attorney acted are State v. Malone, 238

Mo.App. 939, 192 S.W.2d 68; and State v. Halliburton, Mo.App., 276 S.W.2d 229. See also City of Flat River v. Mackley, Mo. App., 212 S.W.2d 462; Nichols v. North Kansas City, 358 Mo. 402, 214 S.W.2d 710. None of these cases indicate that the Liquor Control Department has any duty concerning the enforcement of Sec. 563.720.

The prohibition petition stated the facts about the declaratory judgment action and alleged that Leibig was fraudulently made a defendant to attempt to obtain jurisdiction in the Cape Girardeau Court of Common Pleas; and stated that Leibig did not enforce, attempt to enforce or threaten to enforce Sec. 563.720 in Mississippi County. As shown by the petition and the return, service was had on the Prosecuting Attorney in Mississippi County and he appeared solely for the purpose of objecting to the court's jurisdiction, prior to service on the Sheriff, and the following order was made: "On limited service, Defendant C. Frank Reeves asks and is granted leave to file Motion to Dismiss together with Affidavit in Support of Motion to Dismiss, for reasons of fraudulent joinder, which motion is overruled at this time. Plaintiffs granted leave to file their amended petition by November 26, 1956." It is contended for respondent that the petition for prohibition was prematurely filed because the Court stated, "motion is overruled at this time", and granted leave to file an amended petition. It is said that prohibition was not proper until the pleadings were settled and that the proper way to present a question of jurisdiction based on fraudulent joinder is by motion under Sec. 509.290, citing State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487. However, in that case, the ruling relied on by respondent herein was on the contention that the plaintiff actually had no claim against the resident defendant although a cause of action was stated. In that situation, of course, evidence was required to show fraudulent joinder.

Relator's motion to dismiss herein stated the following grounds: that the court did not have jurisdiction over the subject matter, which involved the necessary duties of the Prosecuting Attorney and Sheriff in Mississippi County; that the Court did not have jurisdiction over the persons of the Prosecuting Attorney and the Sheriff who lived in Mississippi County and no cause of action was stated against Leibig who had not offered or been asked to take any part in the enforcement of Sec. 563.720 and who had no authority to do so; that the venue was not in the Court under the facts stated; and that Leibig was made a defendant solely for the purpose of attempting to obtain jurisdiction over the Prosecuting Attorney and the Sheriff when plaintiffs had no cause of action against Leibig. Relator says no cause of action was stated against Leibig and as a matter of law none could be; and, therefore, claims prohibition was proper.

■■ Certainly by overruling the motion to dismiss, the Court did consider it had jurisdiction and thereby indicated it intended to proceed. Although by the words "overruled at this time", the Court may have meant that another motion to dismiss, filed at a later time, would be considered, nevertheless the motion to dismiss filed by relator was finally and unconditionally overruled so that jurisdiction over relator was retained. Therefore, if as relator claims, the petition in the declaratory judgment case shows that no cause of action with reference to the subject matter (the enforcement of Sec. 563.720) could be stated against Leibig, as a matter of law, then the Cape Girardeau Court could not have jurisdiction in the case over the Prosecuting Attorney and Sheriff of Mississippi County. See State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S.W.2d 677; State ex rel. National Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W.2d 418; State ex rel. C. H. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S.W.2d 1. We have heretofore applied the remedy of prohibition where there was no proper venue to confer jurisdiction over the person of a defendant. See State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304;

State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393; State ex rel. Campbell v. James, Mo.Sup., 263 S.W.2d 402; State ex rel. Toberman v. Cook, Mo. Sup., 281 S.W.2d 777; State ex rel. Boll v. Weinstein, Mo.Sup., 295 S.W.2d 62. We have also held that, when a suit is brought against defendants who are residents of different counties, in order for the circuit court of the county in which the suit is brought to have jurisdiction of the nonresident defendant, the petition must show liability to a joint action against them. State ex rel. Dutcher v. Shelton, 249 Mo. 660, 156 S.W. 955; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487; State ex rel. Campbell v. James, supra. Of course, this cannot be done if no cause of action is stated and, as said in State ex rel. Campbell v. James, 263 S.W.2d loc. cit. 406, stating a cause of action against the resident defendant "is a prerequisite to lawful joinder of a nonresident defendant in any suit." See also State ex rel. Jackson v. Bradley, 193 Mo. 33, 91 S.W. 483; Liechty v. Kansas City Bridge Co., Mo.Sup., 162 S.W.2d 275; State ex rel. Becker v. Koerner, Mo.App., 181 S.W.2d 1004; Diehr v. Carey, 238 Mo.App. 889, 191 S.W.2d 296; State ex rel. Thompson v. Terte, supra.

■ It is not contended for respondent that Leibig had any duties concerning the enforcement of Sec. 563.720 but only that if it should be enforced by relator and if any plaintiff in the declaratory judgment suit should be convicted under it, then such plaintiff's rights to a license to sell nonintoxicating beer might be affected by reason of the provision of Sec. 312.040 requiring "good moral character" as one of the qualifications for such a license. Therefore, it is clear that Leibig had no connection whatever with the matter sought to be determined, but at most could be concerned only with something that might be a future result of something that might happen if plaintiffs' contentions were not sustained. This would seem to be too remote to make him a proper party to a de-

claratory judgment action for the declaration herein sought. See Sec. 527.110; City of Camdenton v. Sho-Me Power Corp., Mo. Sup., 237 S.W.2d 94; Preisler v. Doherty, 364 Mo. 596, 265 S.W.2d 404. Furthermore, Leibig does not even have that remote connection with the matter because the administration of the Liquor Control Law and the Nonintoxicating Beer Law is in the Supervisor of Liquor Control (Secs. 311.210, 311.610, 311.660, 312.030, 312.090, 312.120); and his principal office is established at Jefferson City. Sec. 311.650. "Unless otherwise provided by statute, the venue of actions against executive heads of departments of state government lies generally in the county in which their offices are located, and their principal official duties are performed." State ex rel. Toberman v. Cook, Mo.Sup., 281 S.W.2d 777, 780, in which we considered the venue in a declaratory judgment action. Although, as stated in respondent's brief, Sec. 312.010 (1) defines "Supervisor" to refer to, "where not otherwise indicated by the context, his deputy, and (or) any of his duly appointed inspectors", we think it is clear from the context of Sec. 312.030, and the other statutes hereinabove cited, that making decisions concerning licensing is the function and duty of the Supervisor of Liquor Control. See State ex rel. Renner v. Noel, 346 Mo. 286, 140 S.W.2d 57; State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S.W. 2d 292; State ex rel. Floyd v. Philpot, 364 Mo. 735, 266 S.W.2d 704. Thus, even the remote future duty, which it is suggested may possibly be affected, is the duty of the Supervisor and not of Leibig. Therefore, it seems clear from the petition filed by plaintiffs and the law applicable thereto that no cause of action has been or can be stated as to Leibig to show any justiciable controversy against him concerning the subject matter of the suit against the Prosecuting Attorney and Sheriff of Mississippi County.

Our provisional rule was issued against the predecessor in office of the present Judge of the Cape Girardeau Court of Com-

mon Pleas, who has been substituted for his predecessor on motion of the Attorney General in accordance with Sec. 507.100 (5). Therefore, our provisional rule in prohibition is made absolute.

All concur.