**STATE of Missouri ex rel. Jack DUNPHY and Robert L. Schneider, Relators,**

v.

**Edward T. EVERSOLE, Judge of the Circuit Court of Jefferson County, Missouri, Respondent.**

No. 30546.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1960.

Barnhart & Sommers, Cleo V. Barnhart, David G. Dempsey, St. Louis and W. H. A. O'Brien, Festus, for relators.

Thurman, Nixon & Blackwell and J. W. Thurman, Hillsboro, for respondent.

ANDERSON, Judge.

This is an original proceeding in prohibition brought by Jack Dunphy and Rob-

ert L. Schneider, Relators, against the Honorable Edward T. Eversole, Judge of the Circuit Court of Jefferson County. The object of the suit is to prohibit respondent from proceeding against them in an action pending before him wherein Lake Development Enterprises, Inc., is plaintiff and relators, with others, are defendants. The grounds alleged in the petition for said writ are that respondent lacks jurisdiction over the subject matter of said suit and over the persons of relators.

■ Upon the filing of the petition for the writ we issued our preliminary rule. Respondent filed a return, raising only issues of law. There was no denial of the facts stated in the petition. To this return relators filed a reply denying generally the allegations of the return. Thereafter the parties submitted the cause for decision upon the record and briefs theretofore filed. The matter will therefore be ruled in the same manner as a case submitted on motion for judgment on the pleadings. Under the circumstances, the facts stated in the petition for the writ will be taken as true. Section 55.11 Mo.Rules of Civil Procedure, V.A.M.R. State ex rel Hannigan v. Kirkwood, 342 Mo. 242, 114 S.W.2d 1026; State ex rel. Kansas City Exchange Co. v. Harris, 229 Mo.App. 721, 81 S.W.2d 632; State ex rel. Busby v. Cowan, 232 Mo.App. 391, 107 S.W.2d 805.

The facts as disclosed by the petition are as follows. Jack Dunphy and Robert L. Schneider are residents of the City of St. Louis, and own resort property at Lake Tishomingo, a subdivision in Jefferson County. Ownership of said property carries with it the right to the use and privileges of a lake within said subdivision, known as Lake Tishomingo, which is owned and controlled by Lake Development Enterprises, Inc. Lake Development Enterprises, Inc., is a Missouri corporation and as such maintains an office and place of business in the City of St. Louis.

On September 21, 1959, Lake Development Enterprises, Inc., filed suit in the Circuit Court of Jefferson County, to enjoin relators and others from operating certain motor boats upon Lake Tishomingo. In the petition in that suit it was alleged that the lots in said subdivision were sold to purchasers subject to certain restrictions, rules and regulations, designed to preserve said properties permanently as a first class subdivision; that all purchasers, their families and guests were granted the right to the use and privileges of Lake Tishomingo, including boating, bathing and the use of private beaches; also the parkway surrounding the lake, including the right to moor boats in front of said parkway, all subject to the rules and regulations prescribed by the grantor from time to time. It was then alleged in said petition that pursuant to the restrictions of record, a rule was passed prohibiting the use on said lake of motors exceeding ten horse power, which rule was being violated by the defendants therein. The relief asked was that defendants be restrained from continuing to use motors on said lake in excess of ten horse power.

Upon the filing of the above mentioned suits writs of summons were issued directed to the Sheriff of the City of St. Louis to be served upon relators. These writs were served on relators by the Sheriff of the City of St. Louis sometime after October 5, 1959.

After the filing of the Jefferson County action, relator Jack Dunphy and his wife, Jessie Dunphy, filed a suit against Lake Development Enterprises, Inc., in the Circuit Court of the City of St. Louis, to restrain said company from interfering with their right to use certain outboard motor boats upon Lake Tishomingo. The petition in that suit, after alleging the incorporation of defendant, the residence of the parties and the ownership by plaintiffs of land in the Tishomingo subdivision, set out the restrictions and covenants contained in their deed to said property. By these restrictions and covenants there was conferred upon the grantor the right to assess lot owners such sum as the grantor should

deem necessary for the upkeep and maintenance of the dam, roads, and other improvements in the subdivision in an amount not to exceed in any one year the sum of 55 cents per front foot, said amount to become a lien on the property if not paid within a certain specified time. It was also provided that the grantee, his family and guests should have license to the use and privileges of Lake Tishomingo, including boating, bathing, fishing and the use of private beaches; also the parkway surrounding the lake, including the right to moor boats in front of said parkway, all subject to the rules and regulations prescribed by the grantor from time to time. There was a provision giving to grantor, or any lot owner the right to prevent violations of the restrictions by injunction or other lawful procedure, and to recover any damages resulting from such violation. There was also a provision that the restrictive covenants should run with the land.

It was then alleged that plaintiffs, on or about July 2, 1959, purchased a 30 horse power Johnson Outboard Motor which they attached to a 12 foot aluminum boat, and thereafter undertook to use said boat upon Lake Tishomingo; that on and after July 3, 1959, defendant wrongfully denied plaintiffs the right to use said motor boat on said lake; that defendant instituted a suit against numerous lot owners, and intended to pay the cost of said litigation, including court costs and attorneys' fees, out of the trust funds collected by it through assessments, which expenditures would be unlawful. The prayer of the petition was for a decree enjoining the defendant from interfering with plaintiffs' rights to use their motor boat upon Lake Tishomingo, and restraining defendant from expending any sums collected by assessment for the upkeep and maintenance of the dam, roads and other improvements, for costs and attorneys' fees incident to the litigation against the various lot owners of the subdivision.

The defendant Lake Development Enterprises, Inc., was served with summons in the above mentioned suit, brought by Jack Dunphy and wife, on September 30, 1959. This service was prior to the obtaining of service in the Jefferson County suit wherein relator Jack Dunphy was named as a party defendant.

Relator, Robert L. Schneider, together with his wife, Ruth D. Schneider, filed a like suit in the Circuit Court of the City of St. Louis. The object of this suit was to restrain defendant therein from interfering with the right of the Schneiders to use their 18 horse power motor boat on Lake Tishomingo, and to enjoin the payment of costs and attorneys' fees incurred in the Jefferson County suit out of the funds assessed against lot owners in the Lake Tishomingo subdivision. Summons was served upon the defendant, Lake Development Enterprises, Inc., in said action on October 5, 1959. This service was prior to that obtained in the Jefferson County suit wherein relator Robert L. Schneider was named as a party defendant.

Both Jack Dunphy and Robert L. Schneider, relators herein, by separate motions to dismiss, challenged the jurisdiction of respondent to proceed against them in the Jefferson County action. The grounds alleged in said motions were: (1) Improper joinder of relators herein as parties defendant, (2) Improper venue for the reason that the Circuit Court of Jefferson County had no authority under section 508.010 RSMo 1949, V.A.M.S., to direct summons against defendant, residents of the City of St. Louis, to the Sheriff of the City of St. Louis, since the petition did not assert a joint cause of action against the defendants named therein, and (3) Prior acquisition of jurisdiction of the subject matter of the action by the Circuit Court of the City of St. Louis in the two suits filed in said court by relators against Lake Development Enterprises, Inc., by reason of the prior service of summons in said suits.

Thereafter, and on January 11, 1960, respondent overruled said motions to dismiss. Relators then filed in this Court their petition for prohibition.

Relators insist that, since service of process was obtained in the suits filed by them in the St. Louis Circuit Court prior to service in the Jefferson County action, the Court in St. Louis first acquired jurisdiction of the subject matter of the dispute between the parties, and for that reason our writ should be made permanent.

 It is well settled that where two actions involving the same subject matter are brought between the same parties in courts of concurrent jurisdiction, the Court in which service of process is first obtained acquires exclusive jurisdiction of the cause, and may dispose of the whole controversy without the interference of any other court. In re Gaebler's Estate, Mo.App., 248 S.W.2d 12; State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S.W. 439; State ex rel. Fromme v. Harris, Mo.App., 194 S.W.2d 932. In such a case prohibition is the proper remedy to prevent any encroachment on the Court's jurisdiction. State ex rel. Mack v. Scott, Mo.App., 235 S.W.2d 106; State ex rel. Aetna Life Ins. Co. v. Knehans, Mo.App., 31 S.W.2d 226; State ex rel. Townsend v. Mueller, 330 Mo. 641, 51 S.W.2d 8.

 The suit filed by Lake Development Enterprises, Inc., against relators in the Circuit Court of Jefferson County, and the separate suits filed by relators against said company in the Circuit Court of the City of St. Louis, involve the same subject matter, i. e., whether or not relators do or do not have the right to operate certain outboard motors upon Lake Tishomingo. The relief sought by Lake Development Enterprises, Inc., against relators in its suit filed in Jefferson County can be obtained in the suits filed by relators, in the City of St. Louis, provided, of course, there is merit to said claims. State ex rel. Mack v. Scott, supra. Service was had in the St. Louis actions prior to the service of a summons in the Jefferson County action. Under the circumstances we are compelled to rule that relators must prevail in this action.

Such conclusion makes it unnecessary to rule relators' second point, namely, that the

Circuit Court of Jefferson County acquired no jurisdiction over relators, residents of the City of St. Louis, under a writ directed to and served by the Sheriff of the City of St. Louis, because there could not be, under the facts, liability on their part to a joint cause of action with resident defendants.

Our writ should be made permanent insofar as the proceedings against relators are concerned. It is not our purpose to prohibit the prosecution of said suit against the defendants other than relators herein.

Our preliminary rule in prohibition is amended so as to provide that respondent take no further action in said cause as against Jack Dunphy and Robert L. Schneider, and as amended is made absolute.

WOLFE, P. J., and RUDDY, J., concur.