STATE of Missouri ex rel. Marjorie
A. HARMON, Relator,

v.

Honorable Theodore B. SCOTT, Judge
of the 30th Judicial Circuit, Webster
County, Missouri, Respondent.

No. 17444.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1991.

W. Craig Hosmer, Celeste K. Johns,
Woolsey, Fisher, Whiteaker & McDonald,
Springfield, relator.

Raymond I. Plaster, Hall, Ansley, Carmichael & Gardner, Springfield, for respondent.

MAUS, Judge.

By her petition, Relator Marjorie A. Harmon seeks to prohibit Respondent Theodore B. Scott, Judge of the 30th Judicial Circuit, Webster County, Missouri, from proceeding upon the basis of a garnishment in aid of service. This court issued its Preliminary Order in Prohibition ordering the Respondent to take no further action in that case upon that basis. For the reasons hereafter stated, that order is now made absolute.

The pleadings in this action are Relator's Petition for Writ of Prohibition and exhibits attached to and incorporated therein and the Respondent's Answer. That answer admits the factual allegations of the petition. Those allegations stand admitted for the disposition of this action. *State ex rel. Reeves v. Brady*, 303 S.W.2d 22, 23 (Mo. banc 1957); *State ex rel. McCubbin v. McMillian*, 349 S.W.2d 453, 455 (Mo.App. 1961). They establish the following dispositive facts.

On September 1, 1990, Sedalia Mercantile Bank & Trust Company (Bank) filed the underlying action in the Circuit Court of Webster County. The petition in that action is not before the court. However, the docket sheet shows that the action was against Relator and John H. Simmons and Katherine E. Simmons. That sheet declares the "Nature of Action" to be "Promissory Note". It also contains the following docket entries.

Service was had on defendants Simmons. On November 20, 1990, the motion of those defendants to dismiss (presumably as to those defendants) was sustained.

Also on November 20, 1990, the Bank filed its "Motion for Garnishment in Aid of Attachment". That motion could well have been entitled "Motion for Garnishment in Aid of Service" as the docket sheet reflects no other service upon the Relator. The following are the allegations and prayer of that motion.

"1. That Marjorie P. Harmon can not be personally served with process due to the fact that she is currently residing in Timau, Kenya, Africa.

2. That on or about January 3, 1990, Paul and Robin Ipoch granted to Marjorie P. Harmon a Deed of Trust recorded at Book 385, Page 594, securing a promissory note securing the principal sum of $120,000.00.

3. That to gain quasi in rem jurisdiction over Defendant Marjorie P. Harmon, it is necessary for a Garnishment in Aid of Attachment to be issued to Paul Ipoch and Robin Ipoch ordering them to make the payments on the promissory note to the Sheriff or Circuit Clerk of Webster County, Missouri and placed in an interest bearing account and further to remain in an interest bearing account until such time as a judgment or other disposition of the matter has been made.

WHEREFORE, Plaintiff prays for this Court's Order issuing a Garnishment in Aid of Attachment directing Paul Ipoch and Robin Ipoch to make the mortgage payments currently being paid to Defendant Harmon to the Sheriff or Circuit Clerk of Webster County, Missouri, that said Order require the funds to be placed in an interest bearing account until such time that there is an amount sufficient to cover the damages claimed due by Plaintiff and for such further and additional relief as the Court deems just and proper under the circumstances."

On the same day the court issued a "Pre-Judgment Seizure Notice to Marjorie P. Harmon". It also issued an order directed to the Sheriff of Webster County, Missouri, which read: "You are hereby ordered and directed to serve a Garnishment on Paul and Robin Ipoch directing them to make any and all mortgage payments directed to the Circuit Clerk of Webster County, Missouri for the duration of the Garnishment served with this Order." The record does not disclose service on the Relator of the notice or the order. Nevertheless, on January 7, 1991, Relator filed a "Motion to Quash Garnishment or Attachment in Aid of Jurisdiction". The motion was heard but not passed on. On March 4, 1991, the court on its own motion "dissolved the writ of attachment". The Bank refiled its "Motion for Garnishment in Aid of Attachment". The following day the circuit court ordered a writ of attachment to issue upon the Bank posting a bond unless prohibited by an appellate court. Relator then filed her petition in this court.

Relator's basic contention is that the trial court does not have personal jurisdiction over her and that the Motion for Garnishment in Aid of Attachment does not establish a basis for "quasi in rem jurisdiction" over the debt owed to her. The Relator's argument is summarized by the following proposition:

"We held in Shaffer that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action. The ownership of property in the State is a contact between the defendant and the forum, and it may suggest the presence of other ties. [*Shaffer v. Heitner*] 433 US, [186] at 209, 53 L Ed 2d 683, 97 S Ct 2569 [2582]. Jurisdiction is lacking, however, unless there are sufficient contacts to satisfy the fairness standard of International Shoe." *Rush v. Savchuk*, 444 U.S. 320, 328, 62 L.Ed.2d 516, 525, 100 S.Ct. 571, 577 (1980).

Also see *Connecticut v. Doehr*, 501 U.S. ——, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991).

Respondent concedes the trial court can acquire "quasi in rem jurisdiction" over the res only if Relator has "minimum contacts" with this state. His Answer to the preliminary order admitted the factual allegations of the petition. It did not plead any facts to establish "minimum contacts". It is by his suggestions in this court that Respondent first asserts certain acts of Relator which he contends constitute such minimum contacts.

Relator contends that the alleged minimum contacts asserted in the suggestions cannot be considered by this court. It has been said:

"Section 1611, R.S.1929, Mo.St.Ann. § 1611, p. 1763, provides that prohibition proceedings shall 'conform, as nearly as practicable, to the code of civil practice,' except as provided in the prohibition statute. The Code of Civil Procedure, section 800, R.S.1929, Mo.St.Ann. § 800, p. 1049, provides that 'every material allegation of the petition not controverted by the answer, and every material allegation of new matter contained in the answer [return here] not controverted by the re-

ply, shall, for the purposes of the action, be taken as true.'" *State ex rel. Hannigan v. Kirkwood,* 342 Mo. 242, 114 S.W.2d 1026, 1028 (1938).

Also see *State ex rel. Reeves v. Brady,* 303 S.W.2d at 23; *State ex rel. Filkey v. Scott,* 407 S.W.2d 79, 80–81 (Mo.App.1966); *State ex rel. McCubbin v. McMillian,* 349 S.W.2d at 455. In view of the following principle which controls the disposition of this case, it is not necessary to determine whether or not Rule 84.24 authorizes an appellate court to consider facts asserted only in suggestions. Nor is it necessary to consider the efficacy of the garnishment procedures.

The principle that is dispositive of this case is founded in logic and decision.

"That is, a State may exercise jurisdiction over an absent defendant only if the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' *International Shoe Co. v. Washington,* 326 US 310, 316, 90 L Ed 95, 66 S Ct 154, [158] 161 ALR 1057 (1945). In determining whether a particular exercise of state-court jurisdiction is consistent with due process, the inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.' *Shaffer v. Heitner,* supra, [433] at 204, 53 L Ed 2d 683, 97 S Ct 2569 [2580]." *Rush v. Savchuk,* 444 U.S. at 327, 100 S.Ct. at 577, 62 L.Ed.2d at 524 (1980).

It follows that a court should proceed in a cause only when sufficient facts are presented to that court to establish that the required minimum contacts exist. That principle has been recognized by decision.

"Where the question of personal jurisdiction is raised in a Motion to Dismiss for Lack of Personal Jurisdiction, MSI concedes that it has the burden of making a prima facie showing that the trial court has personal jurisdiction over the defendant because it made a contract in Missouri. *State ex rel. Deere and Company v. Pinnell,* 454 S.W.2d 889, 893[2] (Mo. banc 1970). When as here, the mo-

tion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or it may direct that the matter be heard wholly or partly on oral testimony or deposition. Rule 55.28, V.A.M.R. Where affidavits are offered in support of a Motion to Dismiss for Lack of Jurisdiction the trial court may believe or disbelieve the statements made in said affidavits. *Flegel v. Holmes,* 614 S.W.2d 779, 780[3] (Mo.App.1981)." *Medicine Shoppe International, Inc. v. J–Pral Corp.,* 662 S.W.2d 263, 268 (Mo.App. 1983).

It has been stated in more succinct terms:

"When a defendant raises the issue of lack of personal jurisdiction, the plaintiff has the burden of pleading and proving the existence of sufficient minimum contact with a forum state to justify the exercise of jurisdiction." *State ex rel. Ranni Associates v. Hartenbach,* 742 S.W.2d 134, 137 (Mo. banc 1987).

*Rush v. Savchuk,* supra, establishes that a court may exercise "quasi in rem jurisdiction" only when a defendant has minimum contacts with this state. Logic and the authorities cited above establish that factors asserted to constitute such minimum contacts must be presented to the trial court. The Bank's "Motion for Garnishment in Aid of Attachment" serves as the basis for assertion of quasi in rem jurisdiction. It contains no factual allegations relating to minimum contacts. The Relator by her Motion to Quash did raise the issue of jurisdiction. No basis for the exercise of its jurisdiction was presented to the trial court.

"Because plaintiffs have not met their burden of establishing a basis for the exercise of personal jurisdiction over Ranni, the preliminary writ is made absolute." *State ex rel. Ranni Associates v. Hartenbach,* 742 S.W.2d at 141.

It is so ordered in this case.

FLANIGAN, C.J., and SHRUM, P.J., concur.