STATE OF MISSOURI at the relation of MISSOURI BROADCASTING COMPANY, a Corporation, Relator, v. FRANK C. O'MALLEY, Judge of the Circuit Court, City of St. Louis, Division No. One.—127 S. W. (2d) 684.

Court en Banc, May 2, 1939.*

---

*NOTE: Opinion filed September Term, 1938, April 4, 1939; motion for rehearing filed; motion overruled at May Term, 1939, May 2, 1939.

640

*Godfrey, Anderson, Schurr & Taylor, George Foster* and *John Vogel* for relator.

*J. M. Feigenbaum* and *Gus O. Nations* for respondent.

TIPTON, C. J.—This case comes to the writer on reassignment. It is an original proceeding in prohibition. The relator contends that the respondent, a judge of the Circuit Court of the City of St. Louis, Missouri, exceeded his jurisdiction in making an order requiring relator to produce for inspection certain of its books and records in the case pending in that court wherein John C. Leonard is plaintiff and the relator, The Missouri Broadcasting Company, is defendant. To our provisional rule the respondent filed his return. The relator, then, filed a motion for judgment on the pleadings.

The facts are substantially as follows:

At the time the petition for writ of prohibition was filed in this court, a suit was pending in the Circuit Court of the City of St. Louis styled, John Leonard, Plaintiff, v. Missouri Broadcasting Company, Defendant, and the respondent was judge of that court.

That suit was to recover reasonable value for the services rendered by plaintiff to relator. The amended petition is in two counts. In the first count, it is alleged that the plaintiff was employed by relator on June 1, 1930, to perform certain services in connection with the conduct of relator's broadcasting station, for which relator agreed to pay the reasonable value thereof, and that this employment continued until October 31, 1935; that pursuant to this employment the plaintiff obtained affidavits that were used as evidence before the Federal Radio Commission in an action instituted by relator to increase broadcasting time allotted to relator's broadcasting station; that plaintiff traveled to various cities in making preparation for this hearing; that the affidavits obtained by plaintiff were used at this hearing and that plaintiff testified before the

commission; that as a result of the services of the plaintiff the relator was allotted additional radio time; that from November 17, 1930, to October 31, 1935, the plaintiff acted as radio pastor of relator's station and also supervised religious services over its station; that the reasonable value of his services was $35,000.

The second count of the petition alleges that plaintiff procured a contract from the Third Baptist Church to use relator's station weekly from April 1, 1931, to the time of filing this petition and relator agreed to pay plaintiff fifteen per cent of the gross amount received; and that there is still due plaintiff $1875 on this contract. Relator's answer to this petition was a general denial.

While this cause was at issue and waiting trial, the plaintiff filed a verified motion to inspect the records and books of relator. After a hearing before respondent on this motion, he made the following order:

"Upon consideration of plaintiff's motion to inspect, it is by the Court ordered that the defendant within five days from the date of this order produce for the inspection of plaintiff the following books and records of defendant.

"Defendant's Cash Books, Journals and General Ledgers between the dates beginning June 1, 1930, and ending with October 31, 1935."

The respondent's return, among other things, states: "Respondent further states that at the time said motion for inspection of records and documents was presented to him in open Court, both plaintiff and defendant were represented by attorneys of record who were then present in person; that at a hearing then held on said motion, said attorneys for plaintiff and defendant made their statements and argument upon said motion, and said attorneys presented and exhibited to respondent the amended petition of the plaintiff in said cause. Respondent states further that upon consideration of the said motion for inspection and the plaintiff's amended petition in said cause, your respondent concluded that certain of the records mentioned in plaintiff's motion for inspection are not material evidence on the trial of the cause of action set out in plaintiff's petition in said cause, and your respondent denied plaintiff's motion for inspection of said records and documents; that from a consideration of the averments of plaintiff's petition in said cause, your respondent concluded that the cash books, journals and general ledgers of defendant, showing the income of defendant from the use of its broadcasting facilities during the broadcasting time plaintiff alleges by his petition he was instrumental in obtaining for defendant from the Federal Radio Commission, and during the time he alleges he served the defendant as its radio pastor, are relevant, competent and material evidence to show the reasonable value of the services plaintiff alleges he rendered the defendant in obtaining such broadcasting time and in conducting the defendant's broadcasts; and having

concluded such records constitute relevant and material evidence for the trial of said cause, your respondent made and entered of record an order, a copy of which is set forth in the alternative writ of this court, requiring the defendant to produce said records for inspection by the plaintiff."

It is the contention of relator that because the motion upon which the respondent based his order for inspection does not state facts sufficient to show the relevancy and materiality of such books and records to the issues joined and the merits of the case, that the order is in violation of Sections 11 and 30 of Article II of the Constitution of Missouri and the Fourth Amendment of the Constitution of the United States, which forbid all "unreasonable" search and seizure of persons, papers, etc.

By Sections 924 to 929, Revised Statutes 1929, the Legislature has "undertaken to define what are reasonable searches and seizures, etc., within the meaning of those constitutional provisions, and has limited the authority of the courts of this State to compel the production of only such books, records, papers, and documents for inspection and use in the trial of causes, as are relevant and material to the issues involved in each particular case, and has, by implication, at least, forbidden as said constitutional provisions have done, the compulsory production of all books and papers not affirmatively shown to be relevant and material to the issues joined and the merits of the case." [State ex rel. Atchison, T. & S. F. Ry. Co., v. Trimble, 254 Mo. 542, l. c. 557, 163 S. W. 860, l. c. 863.]

The motion for inspection is based upon Section 928, supra, which is as follows:

"The court before which an action is pending, or a judge thereof, in vacation, may, in his discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, or to make a photograph of a paper in his possession or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing as for contempt, or both."

The relator does not contend this section of the statute is unconstitutional, but it does contend that if the motion for inspection does not allege facts showing that books and records sought to be inspected are both relevant and material to the merits of the case, then an order for inspection based on such a motion is in excess of the trial court's jurisdiction because it violates these constitutional provisions.

In the case at bar, the motion to inspect states "that it is necessary for a proper presentation of this cause on behalf of the plaintiff that plaintiff have an opportunity to examine and inspect cer-

tain books, papers and documents in the possession of defendant; said books and documents consisting of the following: . . . That the aforesaid books and documents pertain to the dealings of defendant corporation with the plaintiff under the employment of plaintiff by defendant as set forth in plaintiff's amended petition and with respect to the damages sustained by plaintiff as the result of defendant's breach of contract." An allegation in an application that is a mere conclusion of the pleader presents no issue. Facts should be stated to show the materiality of the evidence sought to be inspected. [State ex rel. Page v. Terte, 324 Mo. 925, 25 S. W. (2d) 459.] We think the statements just quoted do not state facts but are mere conclusions of the pleader.

"The party proceeding under the statute has the burden of showing some basis for an inference that the paper contains material evidence." State ex rel. Missouri Pacific Railroad Co. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027, l. c. 1028. The question then arises: Can that burden be met only by facts stated in the application, or can it be met by evidence, or admitted statement of counsel, and by an inspection of the original petition by the trial court?

In the case of State ex rel. Atchison, T. & S. F. Ry. Co. v. Trimble, supra, the point was made "that the judge of the circuit court had no jurisdiction to make the order complained of, for the reason that the petition praying for said order was fatally defective and insufficient to confer jurisdiction upon the court or judge thereof, for the reason that it did not state facts showing the materiality of the evidence sought."

In that case the amended petition was attached as an exhibit to the application to inspect. In ruling the point, at page 555 of the Missouri Report, we said: "So, from the face of the copy of said petition attached to the motion praying for said order, the materiality of said papers would have appeared and Judge Trimble would with equal facilities have seen, and in fact did see, their materiality by the inspection he made of said copy of the petition when the motion for the order was presented to him at Liberty on March 30, 1912. In other words, the materiality of said papers and documents as clearly appeared from the copy of the petition attached as an exhibit to the petition, presented to Judge Trimble for the order for their production, as it would have done from the face of the original petition on file in the Circuit Court of Carroll County. I am, therefore, of the opinion that this objection against the validity of the order of Judge Trimble is not well grounded."

So, in the case at bar, the return of the respondent shows that at the hearing on the application to inspect both plaintiff and defendant were represented by attorneys who made their statements and argument upon the motion and exhibited to respondent the amended petition of the plaintiff in said cause. And after consider-

646

ing the motion for inspection and the plaintiff's amended petition, the respondent denied the motion in part and sustained the motion in part. We must take the return of respondent as true on account of relator's motion for judgment on the pleadings. Under the condition of the record in this case, on the authority of the Trimble case, supra, we are of the opinion that the respondent did have authority to pass on the plaintiff's motion for inspection.

In making the order to inspect the respondent only permitted the plaintiff to inspect relator's "Cash Books, Journals and General Ledgers between the dates beginning June 1, 1930, and ending with October 31, 1935," which was the time the plaintiff's petition alleged in the first count that he rendered services for the relator. It is to be remembered that the first count of plaintiff's petition sought recovery for the reasonable value of the services he renderd relator between those dates. The amount of recovery under such an allegation is not limited to the actual time the plaintiff worked for relator but a defendant is liable upon a *quantum meruit* to the extent of the benefit received by defendant. [Anderson et al. v. Caldwell et al., 242 Mo. 201, 146 S. W. 445; 71 C. J., p. 172.] So, we are of the opinion that the respondent did not exceed his jurisdiction in making the order to inspect.

It follows that our provisional rule in prohibition should be discharged. It is so ordered. All concur.