STATE OF MISSOURI at the Relation of IRON FIREMAN CORPORATION, a Corporation, Relator, v. JOSEPH J. WARD, Judge of the Circuit Court of St. Louis, Missouri, Presiding in Division No. 1 Thereof. —No. 38202.—173 S. W. (2d) 920.

Court en Banc, September 7, 1943.

762

*Francis R. Stout* and *J. J. Brinkman* for relator.

*E. H. Schwarzenbach* and *Banister, Leonard & Sibley* for respondent.

LEEDY, J.—This is an original proceeding in prohibition. The relator contends that respondent, a judge of the Circuit Court of the City of St. Louis, exceeded his jurisdiction in making an order of inspection in a case pending in that court in which Elda A. Stemmler is the plaintiff, and relator, Iron Fireman Corporation, is the defendant. Respondent's return to our provisional rule contains allegations of new matter to which no reply was made by relator. Under these circumstances, such allegations in the return will stand admitted. State ex rel. Hannigan v. Kirkwood, 342 Mo. 242, 114 S. W. (2d) 1026.

It appears from the pleadings that plaintiff's petition in the suit below alleged that relator, Iron Fireman Corporation, had installed in 1938 a mechanical furnace stoker in plaintiff's residence, warrant-

ing that it would function properly; that it overheated the furnace, and, after repeated complaints and various service calls, relator installed a draft control in 1940, which was warranted to correct the trouble, but failed to do so; and after further complaints and promises, plaintiff's house was set on fire in 1941, through overheating, caused by the defective installations. It further appears that, upon application of plaintiff, respondent entered an order directing relator to permit the inspection of certain original sheets, books, and records pertaining to the aforesaid installations in plaintiff's residence; that before entering such order, respondent had before him, and read, the petition and answer, and statements were made by plaintiff's counsel in the presence of counsel for relator, and not disputed, that plaintiff's counsel had taken the depositions of relator's St. Louis manager and head mechanic, who failed to remember the matters sought in the motion to inspect, but testified that relator had kept full records in its office which would show such matters. The order of respondent permitted plaintiff to inspect and copy:

"1. The original of all sheets, books and records showing all complaints and calls or service calls and the times thereof, made by plaintiff or any other person from said 4541 Maryland Avenue from 1938 to February, 1941, inclusive, and the times thereof, with the full result of such complaints or calls, including the full records of all inspections and work done, and reports and recommendations of all persons answering such complaints or calls, and the recommendations in connection therewith, and what was done about same by defendant or its parent company, with the name or names of all persons making such inspections or reports or doing any work.

"2. The original of all sheets, books, and records, indicating the exact time and terms of the sale to plaintiff and installation of the said draft control, and who did so, and the exact price thereof, the inspections and full reports made before and at the time and after such sale and installation, and recommendations in connection therewith, and the conditions found in and about said heating plant at such time, and the persons who made such sale and inspections and reports.

"3. All the original sheets, books and records of defendant and its parent company showing any inspection of said heating plant and said premises and building after the said fire, and the full report or reports to defendant and said parent company in connection therewith, including the cause of such fire, condition of said heating plant, premises and building and all parts thereof, and recommendations made in connection therewith."

As to the "parent company," respondent's return is supplemented by a statement of "additional facts" which states that relator corporation is the subsidiary of an unlicensed foreign corporation which manufactures the equipment, using relator as an operating or selling

766

corporation in Missouri, both corporations having the same officers. Relator filed a denial of certain of these ''additional facts'' which we disregard in this opinion, but the statements as to the parent company were not denied. Other facts will be stated in the course of the opinion.

Is the order so broad as to violate the constitutional rights of relator? [922] The legislature has undertaken to define what are unreasonable searches and seizures by the provisions of Secs. 1075-1080 Mo. R. S. A., limiting the compulsory production of books, papers and documents to those which are relevant and material to the issues in the case, and an order within such limitations does not violate constitutional rights. [State ex rel. Missouri Broadcasting Co. v. O'Malley, 344 Mo. 639, 127 S. W. (2d) 684; State ex rel. Chicago, Rock Island & Pacific Railroad Co. v. Wood, 316 Mo. 1032, 292 S. W. 1033.] We think these statutory provisions should be liberally construed. The modern trend has been to broaden the scope of discovery to the end that litigants may have the opportunity to ascertain and present at the trial all the material facts not protected by privilege. [State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 171 S. W. (2d) 569.] This trend has been recognized by the legislature, which has recently enacted a code of civil procedure with comprehensive provisions as to discovery.

We think the order was reasonable under the circumstances presented. Plaintiff is a woman without technical knowledge of mechanical stokers. She and others in her residence had experienced nearly three years of intermittent trouble from the installations made by relator, culminating in the fire. There had been many complaints and many service calls by relator's stoker experts. She endeavored to obtain information for exact proof by the depositions of relator's manager and chief mechanic, but found that their memories had failed them. However, the depositions developed that relator had kept complete written records relating to the entire transaction. We think these records, made in the ordinary course of business to preserve the facts in writing, would be quite material in preparing to prove the allegations of plaintiff's petition. Certainly relator's employees or agents, who installed and serviced the equipment, would have peculiar knowledge not available to a housewife, or members of her household. And contemporary records covering transactions occurring over the course of several years would afford the basis of much more accurate proof than the vague recollections of plaintiff, or the members of her family.

Relator cites State ex rel. v. Trimble, 254 Mo. 542, 163 S. W. 860. In that case the plaintiff alleged that her husband's death had been caused by train No. 6. This court held that she was entitled to inspect the railroad records on train No. 6, but that the order was void because it directed the production of records on *all* trains covering a

certain period. The present order is limited to the records pertaining to the installations in plaintiff's residence, and does not seek to inspect records pertaining to any other installation.

In State ex rel. v. Wood, supra, the order was held void because it required production of privileged communications between attorney and client.

In State ex rel. v. O'Malley, supra, a very broad order was upheld under the particular facts of that case. ["Defendant's Cash Books, Journals and General Ledgers between the dates beginning June 1, 1930, and ending with October 31, 1935."]

Relator makes an additional attack upon paragraph 3 of the order, contending that the inspection of any records made after the fire is an attempt to inspect relator's preparations for trial, being hearsay statements, contrary to the ruling in State ex rel. Missouri Pacific Railroad Co. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027. While there is some analogy, we think the facts in the present case are distinguishable. The fire occurred in January, 1941, and the period covered by the order (when construed with the application and as interpreted in respondent's brief) ends in February, 1941, nine months before suit was filed. There had been a long series of inspections and service calls before the fire, and any inspection shortly after the fire made to ascertain the cause would presumably be an inspection in the ordinary course of business, the record of which would be material to the issues involved. In the Hall case, supra, the plaintiff sought to inspect statements which the claim department of a railroad had obtained following an accident. These statements were quite obviously made in preparation for an expected suit, and were so treated by this court. As such, they were held mere hearsay and not material.

As said in State ex rel. St. Louis Union Trust Co. v. Sartorius, supra: "Under our statutes the court is not only empowered to order discovery of evidence material to the cause but he is also invested with a 'discretion' to do so (Mo. R. S. A., Sec. 1079) and we cannot interfere with his exercise of that power unless it clearly appears that he has abused his discretion and ordered discovery in [923] such a manner as to violate the relator's fundamental rights."

Relator complains of the provision as to the parent company in the order. With the close identity between the two corporations, a record in the custody and control of relator, though nominally a record of its parent company, might well be material. And so might a report to the parent company containing admissions against interest. We should not require too strict a showing of materiality, or we may defeat the purpose of the statute and the right of discovery.

Relator contends that the motion to inspect does not contain a sufficient showing on its face. In State ex rel. v. O'Malley, supra, it is held that the court is not limited to the face of the motion, but

may consider the other pleadings. If the motion was insufficient in itself, we think that respondent had sufficient supplemental matter before him to provide a basis for the order.

Relator contends that a showing of indispensable necessity must be made. That is not the standard set by this court. In State ex rel. v. O'Malley, supra, the court quotes with approval from State ex rel. v. Hall, supra, that the party seeking the inspection has merely ''the burden of showing some basis for an inference that the paper contains material evidence.'' Certainly, where we are dealing with ordinary routine business records, as distinguished from truly confidential material, such as trade secrets and the like, the guiding consideration should be whether the inspection will facilitate the presentation of the full facts to the court or jury. And if this right of discovery is to have practical value, the party invoking it should not be held to too strict a showing as to the contents of records that he has never seen.

Relator finally contends that the motion to inspect shows on its face that plaintiff is already in possession of the facts sought. We think this contention is sufficiently answered by our previous discussion as to the relative lack of knowledge of plaintiff.

We are of the opinion that respondent did not exceed his jurisdiction in making the order to inspect. Our provisional rule in prohibition should be discharged. It is so ordered. All concur except *Gantt, J.,* absent.