STATE OF MISSOURI at the Relation of CYRIL CLEMENS, MARK TWAIN QUARTERLY and THE INTERNATIONAL MARK TWAIN SOCIETY, Relators, v. JUDGE JOHN A. WITTHAUS, Circuit Judge, 13th Judicial Circuit, Division Two Thereof of St. Louis County, Missouri, Respondent, No. 41729—228 S. W. (2d) 4.

Court en Banc, March 13, 1950.

*Walter Wehrle* and *Wendell Berry* for relators.

276

*Alfred W. Petchaft* for respondent.

DALTON, J.—This is an original proceeding in prohibition to prevent respondent, a circuit judge of St. Louis County, from com-

pelling relator Cyril Clemens to comply with an order entered in a cause entitled Thomas G. Chamberlain et al. v. Cyril Clemens et al. then pending in the circuit court of said county and before said circuit judge. The order required relator Clemens to produce at a designated time and place in the City of St. Louis "on the taking of depositions 'any and all letters, manuscripts, other documents, or copies thereof, which he may have in his possession written by, or purporting to have been written by, Samuel L. Clemens (Mark Twain).' "

' Respondent's return to our preliminary writ admits that, when the petition for the writ was filed in this court, the cause in which the questioned order was entered was then pending before him in the circuit court of St. Louis County; and that the purpose of the action was to obtain a permanent injunction against the defendants therein, relators herein, from printing, copying, publishing or republishing or in any manner producing or reproducing certain letters written by Samuel L. Clemens and for other relief. Since one of the principal issues presented is whether the documentary evidence ordered produced at the taking of the depositions was relevant and material to the issues in the pending cause in which the order was entered, we must look to the allegations of the petition in that cause.

The petition alleged that the plaintiffs "are the owners and proprietors of all the ██ said literary rights and publication rights in the writings of said Samuel L. Clemens *which were not and have not been published with the permission or authority of said Samuel L. Clemens and which were not and have not been pubished with the permission or authority of his descendants or his executors or trustees.* Plaintiffs herein have made, and are now making determined and intensive efforts to discover and collect any and all letters so written, or caused to be written, by said Samuel L. Clemens, with the intent of creating an official collection of such letters in order to preserve for posterity the inherent literary and historical merit therein. * * * Said successor trustees and said Clara Clemens Samoussoud have joined in giving consent to, and permitting, the publication of such letters comprising the above-mentioned collection in book form. * * * In furtherance of the publication of said letters, the successor trustees entered into a contract with Harper & Brothers, plaintiff herein, for the publication of such book and, pursuant to such contract, Harper & Brothers have expended substantial sums of money preparing for the publication and distribution thereof. * * *

. "In the months of January and February, 1949, defendants advised and notified various newspapers, journals, and periodicals in the United States that they were in the process of *editing an alleged official collection of Mark Twain letters,* although the publication of any letters written, or caused to be written, by said Samuel L. Clemens in the possession of the defendants was not authorized or consented to by the plaintiffs. * * *

"Plaintiffs have protested against such publication by defendants and have accordingly *notified defendants of their property rights in and to any such letters in the custody of defendants*, but defendants threaten to continue and proceed therewith.

"Such publication, if accomplished by defendants, will injure the plaintiffs in their property rights in and to the letters of Samuel L. Clemens; will injure the name and reputation of Samuel L. Clemens; will cause severe financial damage to the plaintiffs * * * and such publication will cause irreparable injury to the plaintiffs and to the reputation of said Samuel L. Clemens as an author; and the plaintiffs have no adequate remedy at law to prevent or terminate the same." (Italics ours).

In the briefs filed in this court, respondent construes the above action as "a common-law copyright infringement suit * * * wherein it is alleged that the defendant, Cyril Clemens, * * * has in his possession a group of unpublished letters, or the like, written by Mark Twain, and that the plaintiffs, by reason of a recited chain of title and interest, are the owners of the common-law copyrights in such unpublished material * * * that the defendants, now the relators herein, threaten to publish such material in violation and infringement of the asserted common-law copyright, and an injunction is being sought against such publication."

In support of plaintiffs' alleged common-law copyright in such unpublished material the following cases are cited: Denis v. Leclerc, 1 Mart. (La.) 297, 5 Am. Dec. 712; Rice v. Williams (C. C. E. D. Wisc. 1887), 32 Fed. 437; Folsom v. Marsh (Mass., 1841), 2 Story 100; Woolsey v. Judd (N. Y., 1855), 4 Duer 379; Grigsby v. Breckinridge (Ky., 1867), 2 Bush 480, 92 Am. Dec. 509; Baker v. Libbie (Mass., 1912), 97 N. E. 109; King et al. v. King (1917), 25 Wyo. 275, 168 P. 730; Moore v. Ford Motor Co. (S. D. N. Y. 1928), 28 Fed. (2d) 529. In this connection it is said: "The common-law copyright, or right of first publication, is a right different from that of ownership of the physical paper; the first of those rights does not necessarily pass with the second; and the separate common-law copyright or control of the right to reproduce belongs to the artist or author until disposed of by him and will be protected by the courts." Also see Kurfiss v. Cowherd, 233 Mo. App. 397, 121 S. W. (2d) 282, 286; 18 C. J. S. 139, Copyright and Literary Property, Sec. 4 et seq.; 34 Am. Jur., Literary Property, Secs. 4, 14 and 20.

It appears from relators' petition herein that relators have entered their appearance in the mentioned cause in the circuit court before respondent and that, after the questioned order was entered and served upon defendant Cyril Clemens, relators filed in said court and presented to respondent a motion to set aside the order requiring the production of the mentioned documentary evidence. The grounds assigned in the motion included (1) that defendants had had no notice

of the application for the order; (2) that the order amounted to the taking of property without due process and constituted an unreasonable search and seizure in violation of the state and federal constitutions; (3) that plaintiffs had no right, title or interest in and to the evidence required to be produced; (4) that the order would permit plaintiffs to acquire the "contents of letters without paying one cent for same"; (5) that the order constituted an attempt to take defendant's property without compensation; and (6) that if the order stood, plaintiffs would not need to try the suit, because having secured the contents of the letters, the items of value, the documents would have little value.

The motion to set aside was overruled and, at the suggestion of the court and by stipulation of the parties, an order was entered that, upon the production of the documentary evidence ordered to be produced, the plaintiffs waived the right to read such evidence into the depositions or to have it attached to the depositions, but that such waiver should be construed as effective only in connection with the taking of the said depositions.

■ ■ ■ The parties concede that respondent is without jurisdiction to require the production of documentary evidence at the taking of depositions unless such evidence is relevant and material to the issues involved in the pending cause in which the depositions are to be taken. On this issue both parties cite State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S. W. (2d) 645, 647; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S. W. (2d) 383; State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 171 S. W. (2d) 569; and State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S. W. (2d) 907.

Relators, however, insist (1) that the burden of proving the materiality of the documents sought to be produced is upon the respondent and the plaintiffs in the cause pending before respondent; (2) that relator Cyril Clemens was entitled to notice of the application for the questioned order; (3) that the application for the order should have designated the specific documents sought to be produced; (4) that the application should have alleged the materiality of the specific documentary evidence sought to be produced; (5) that the application should have been verified; (6) that Sec. 142, Laws 1943, p. 396, Mo. R. S. A. Sec. 847.142 under which the order was entered is unconstitutional and void under Art. I, Secs. 10 and 15 of the Constitution of Missouri 1945 and the Fourth Amendment to the Constitution of the United States because the section does not require that the documentary evidence required to be produced be material to the issues in the case, or that notice be given of the making of the application to produce; (7) that the order of respondent, as entered, was an excessive exercise of judicial authority; and (8) that respondent was without power or authority to order a resident of St. Louis County to transport documentary evidence into another county to appear before a notary

public with such documentary evidence for the purpose of being examined.

Section 142, supra, provides that "upon order of the court in which a cause is pending a subpoena may command the production of documentary evidence on the taking of a deposition and the court may also order a party to produce documentary evidence on the taking of a deposition." Respondent was admittedly attempting to proceed under the last clause of this section.

■ On the issue of burden of proof, we are not dealing with an application for an order to produce certain documentary evidence, but with an order as entered. In the trial court the burden rested upon the party seeking the order to satisfy the trial judge ■ as to the relevancy and materiality of the documents sought to be ordered produced. State ex rel. Atchison, T. & S. F. R. Co. v. Trimble, 254 Mo. 542, 553, 163 S. W. 860; State ex rel. St. Louis Union Trust Co. v. Sartorius, supra (171 S. W. (2d) 569, 573); State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 173 S. W. (2d) 920, 923. In this proceeding, however, relators are attacking the order which has been entered by respondent and the burden is on relators to show that the documentary evidence in question was not relevant or material to the issues of the pending cause, or that respondent otherwise lacked jurisdiction or exceeded his jurisdiction in entering the order. State ex rel. Schlueter Mfg. Co. v. Beck, 337 Mo. 839, 85 S. W. (2d) 1026, 1033; State ex rel. Cummings v. Witthaus, supra (219 S. W. (2d) 383, 386).

■ Was relator Clemens entitled to have prior notice of the application for and issuance of the order to produce? Section 142, supra, does not so provide. It is admitted that relator Clemens was a party defendant in the pending cause. The application for the order to produce recites "that notice and subpoena have been duly issued to take the deposition of the defendant, Cyril Clemens" at the time and place specified in the City of St. Louis. Relators' petition alleges that "by agreement of the parties, said depositions have been continued" to a date other than specified in the original notice. We think it is apparent that the second part of Section 142 is supplemental to or in lieu of the subpoena mentioned in the first part of this section; and that no prior notice to the opposite party should be required for the issuance of such a subpoena or an order under this section. We hold that, under the facts shown, no prior notice was required for the making of an application for or the entering of an order for the production by relator Clemens of relevant and material documentary evidence in his possession on the taking of the depositions in the pending cause.

■ It further appears from relators' petition herein that, after the order to produce was entered and prior to the date to which the taking of the depositions had been continued, relators filed in the said circuit court and presented to respondent a motion to set aside said order requiring the production of the said documentary evidence;

and that, ''after a hearing on said motion,'' the respondent entered an order overruling the same. Relators' petition shows that they were accorded due process on the matter of said order and before the agreed time had arrived for the production of the required documentary evidence. Further, it was not necessary for the application for the order to allege the relevancy and materiality of the documentary evidence sought to be produced, or for the application to be verified. The issue of relevancy and materiality of any documentary evidence may be determined by reference to the allegations of the petition and other pleadings on file in the court in the cause in which the depositions are to be taken. State ex rel. Atchison, T. & S. F. R. Co., supra (254 Mo. 542, 554); State ex rel. Missouri Broadcasting Co. v. O'Malley, 344 Mo. 639, 127 S. W. (2d) 684; State ex rel. Iron Fireman Corp. v. Ward, supra.

Relators have cited and rely upon Sec. 86 of the Civil Code, Laws 1943, p. 379, Mo. R. S. A. Sec. 847.86, but that section has to do with discovery. It was intended to serve a totally different purpose from Sec. 142, supra. Different procedure has been provided. Carr, Missouri Civil Procedure, Secs. 661 and 783; State ex rel. Cummings v. Witthaus, supra. However, a party may not escape the provisions of Section 86 by attempting to use Section 142 to accomplish the same purpose. Relators cite Sec. 1076 R. S. 1939, which was considered in State ex rel. Missouri Broadcasting Co. v. O'Malley, supra. The section has now been repealed. Laws 1943, p. 353. Section 142, supra, does not require the application for such an order to be in writing, or to be filed in the cause or verified. It would be judicial legislation for this court to impose requirements the legislature did not see fit to impose. Nor does the section require a specific designation in writing of such documentary evidence as a condition precedent to the court's jurisdiction to enter an order ▮ for the production by a party, on the taking of depositions, of relevant and material documentary evidence in his possession.

Section 142, supra, does not in express words require that the ''documentary evidence'' mentioned be relevant and material to the issues in the pending cause, but this court has construed the section as making that requirement. State ex rel. Thompson v. Harris, supra (195 S. W. (2d) 645, 647). As stated, it is conceded that, to authorize a court to compel the production of documentary evidence at the instance of the adverse party on the taking of depositions, the documentary evidence sought to be produced must be relevant and material to the merits of the pending case. We hold that Sec. 142, supra, is not unconstitutional nor void by reason of any failure to provide for prior notice to a party to the suit, or for any failure to require by express words that the documentary evidence be relevant and material to the issues in the pending cause. Accordingly, we direct our attention to the order of respondent as entered in the cause.

As stated, the plaintiffs in the cause pending before respondent are seeking an injunction to prevent the threatened unauthorized publication by defendants of the unpublished letters of Samuel L. Clemens. The petition in that cause limits plaintiffs' ownership of literary and publication rights in the mentioned writings to those "which were not and have not been published with the permission or authority of said Samuel L. Clemens and which were not and have not been published with the permission, or authority of his descendants or his executors or trustees."

Respondent's order to relator Clemens was in nowise limited or restricted to evidence relevant and material to the issues in the pending cause. Relator was ordered to produce on the taking of the depositions, "any and all letters, manuscripts, other documents, or copies thereof, which he may have in his possession written by, or purporting to have been written by, Samuel L. Clemens (Mark Twain).". Respondent now contends that "all the *unpublished Mark Twain letters* and similar papers which Cyril Clemens may have in his possession form the subject matter of this cause of action *irrespective of whether or not Cyril Clemens may have decided to publish less than all.* (Italics ours).

It will be noted that the order to produce is neither limited to "unpublished letters," nor to unpublished letters that relators are threatening to publish, nor to the letters in which the plaintiffs claim the ownership of the literary or publication rights. The order is much broader than the petition and refers to manuscripts, or other documents and to copies thereof. In no manner was the documentary evidence, which was ordered produced, limited to evidence which was relevant and material to the issues raised in the pending cause. In this proceeding, on the admitted facts, we are not bound by the trial court's determination of the materiality of the evidence ordered produced. Plaintiffs' petition and respondent's order are before us. We think the order evidenced an excessive, unreasonable and oppressive exercise of judicial authority beyond the jurisdiction of respondent. State ex rel. Atchison, T. & S. F. R. Co. v. Trimble, supra (254 Mo. 542, 558, 560) ; State ex rel. Cummings v. Witthaus, supra.

Further, the documentary evidence required to be produced by a party upon the taking of depositions in a pending cause must be designated in the order with sufficient description to specifically advise the party or witness of the documentary evidence required to be produced and to reasonably exclude evidence which is not relevant or material to the pending cause.

The case of State ex rel. Cummings v. Witthaus, supra, involved an order for the production of documents under Sec. 86 of the Code. Paragraph 7 of the court's order, as considered in that case, required relators to produce for inspection "all written agreements entered into

between Standard Generator Service Warehouse, Inc., and Charles Henry Cummings from the date of the employment by said corporation of Charles Henry Cummings to the termination ▮ of such employment.'' While pointing out that too strict a showing of materiality might defeat the statute and the right of discovery, the court nevertheless held that paragraph 7 of the court's order contained no proper or sufficient designation of the agreements required to be produced. What was said in that case is particularly applicable here, since we hold that an order to produce should specify the documentary evidence required to be produced. (219 S. W. (2d) 383, 390). No greater liberality in the designation of documentary evidence to be produced by a party on the taking of depositions can be allowed than is allowed under the *discovery* section of the Code. On the other hand, the documentary evidence required to be produced by a party on the taking of depositions should properly be designated with even greater particularity than under the discovery section.

We hold that the order in question here was too general and all inclusive to be valid. No specific documentary evidence relevant and material to the issues in the pending cause was properly and sufficiently designated for production. The order was so general that it covered documentary evidence that could have no tendency to prove or disprove the essential issues of plaintiffs' case. The order amounted to an unreasonable invasion of relators' right of privacy, and was a "fishing expedition" far beyond that authorized under our present liberal discovery practice. Respondent had no jurisdiction to enter the order or to require relators' compliance therewith. State ex rel. Cummings v. Witthaus, supra; Crooks v. Crooks (Mo. App.), 197 S. W. (2d) 678, 683.

▮ The record fails to disclose any facts which would tend to show that, under the conceded facts in this case, the order to produce the documentary evidence in the City of St. Louis was, by reason thereof, an excessive exercise of judicial authority or the exercise of authority beyond the jurisdiction of the trial court.

Our provisional rule heretofore issued should be made absolute. It is so ordered. All concur.