**UNITED STATES of America, Petitioner,**

v.

**J. Myer SCHINE et al., Respondents.**

**Cr. A. No. 6279-C.**

United States District Court, W. D. New York.

Jan. 19, 1955.

See, also, 125 F.Supp. 734.

John O. Henderson, U. S. Atty., Buffalo, N. Y., Joseph E. McDowell, Sp. Asst. to Atty. Gen., Lewis Bernstein, New York City, and Herbert F. Peters, Jr., Falls Church, Va., for petitioner.

Raichle, Tucker & Moore, Buffalo, N. Y., Frank G. Raichle and James O. Moore, Jr., Buffalo, of counsel, for respondents.

KNIGHT, Chief Judge.

On Motion by Government to quash the subpoena duces tecum served by defendants.

As to items 1, 2, 3, 4, 5, and 6. Each item demanded is denied. It appears from each item that the matter sought is the result of effort on the part of the attorneys for the plaintiff in preparation for trial. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Brush v. Harkins, 9 F.R.D. 681.

As to 7. It would appear that defendant has the information sought and seeks only its confirmation or to be able to meet any disparity.

As to 8. Defendant is not entitled to know the contents of the material used by witness to refresh his recollection. United States v. Aluminum Co. of America, D.C., 1 F.R.D. 62; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233, 234, 60 S.Ct. 811, 84 L.Ed. 1129.

Subdivision (c) of Rule 17 of Fed.Rules of Crim.Proc. 18 U.S.C.A.

and Rule 45(b), Fed.Rules of Civil Proc. 28 U.S.C.A., are substantially the same. Note to Rule 17(c), R.Cr.Proc., and include all actions and extend to any person with provision for relief from oppression. Note (a) and (b), R.Civ.Proc. Rule 45.

Mr. Justice Cardozo, when Chief Judge of New York Court of Appeals, said in People ex rel. Lemon v. Supreme Court of State of New York, 245 N.Y. 24, 29, 156 N.E. 84, 85, 52 A.L.R. 200:

"Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves."

And see Kring v. State of Missouri, 107 U.S. 221, 232, 2 S.Ct. 443, 27 L.Ed. 506.

The office of the subpoena duces tecum is to produce documents which are evidentiary and relevant. When a party is ready for trial the time has passed for discovery of evidence to be used at the trial. The evidence should then be known and only the certainty of its being at hand for use at the trial is important to the party demanding its presence. Bowman Dairy Co. v. U. S., 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879.

■■ This is a criminal case. The right to a broad discovery does not exist in criminal cases. Under Rule 17(c) the Court may direct the production of documents designated in the subpoena to be produced at a time prior to the trial, or prior to the time they are to be offered in evidence, for the purpose of shortening the trial. The rule was not intended as a discovery provision. U. S. v. Maryland & Virginia Milk Producers Ass'n, D.C., 9 F.R.D. 509; U. S. v. Mesarosh, D.C., 13 F.R.D. 180, 183–184. In fact it may be premature here to say whether or not the government will call a witness who may testify to matter rebuttable by the documents sought. U. S. v. Hiss, D.C., 9 F.R.D. 515.

At the trial the government's evidence may be rebutted by the documents as a means of releasing evidence pregnant with importance in ascertaining the truth. U. S. v. Rosenfeld, 2 Cir., 57 F.2d 74, 76; People v. Walsh, 262 N.Y. 140, 146, 149–150, 186 N.E. 422; People v. Schainuck, 286 N.Y. 161, 165–166, 36 N.E.2d 94; U. S. v. Krulewitch, 2 Cir., 145 F.2d 76, 77, 156 A.L.R. 337; U. S. v. Iozia, D.C., 13 F.R.D. 335.

■ Until the reports sought by defendants have been used in court or there has been proof that the reports would show prior inconsistent statements of persons not offered as witnesses, the demand by subpoena duces tecum should be denied. Goldman v. U. S., 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322.

In addition to the foregoing, there should also be considered that discretion resides in the court.

For the present, the defendants' motion is denied, without prejudice under circumstances indicated, and the government will not now be required to produce the reports or memoranda mentioned in items 1, 2, 3, 4, 5, 6, 7, and 8 of the subpoena duces tecum.