The STATE of Missouri at the relation of LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF KANSAS CITY, Missouri, Relator,

v.

The Honorable Allen C. SOUTHERN, Judge of Division 5 of the Circuit Court of Jackson County, Missouri, Respondent.

No. 22364.

Kansas City Court of Appeals. Missouri.

Dec. 5, 1955.

894

Charles B. Blackmar, Richard G. Poland, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, for relator.

J. K. Owens, Martin Anderson, Kansas City, for respondent.

BOUR, Commissioner.

This is an original proceeding in prohibition to prevent respondent, judge of the circuit court of Jackson county, Division 5, from enforcing an order entered in a cause pending in Division 5 of said court, wherein the relator, Land Clearance for Redevelopment Authority of Kansas City, Missouri, is plaintiff and Allen O. Glore Enterprises, Inc., et al., are defendants.

Relator is a public body, corporate and politic, existing under the provisions of Sections. 99.300–99.660 RSMo 1951 Supp., V.A.M.S., and having as its purpose the redevelopment of blighted and insanitary areas in Kansas City, Missouri. It has the power to prepare and recommend redevelopment plans for areas declared by the city council to be blighted or insanitary. When such a plan is approved by the city council, relator may acquire title to property in the area by purchase or eminent domain proceedings, so that the area may be redeveloped according to the plan. The powers and functions of relator are fully described in the opinion of the Supreme Court in State, on Inf. of Dalton v. Land Clearance for Redevelopment Authority of Kansas City, Missouri, 364 Mo. 974, 270 S.W.2d 44.

As appears above, the cause pending in Division 5 of said circuit court was instituted by the relator herein. It is a condemnation proceeding involving real estate in

Kansas City, including certain real estate owned by Leo C. Moyer Corporation, one of the defendants in the case. Commissioners were appointed and returned their report setting forth the amount of damages allowed to each defendant, and relator paid into court the amounts thus assessed. Each defendant filed exceptions to the commissioners' report and demanded a new appraisement by a jury. The matter is now pending in said circuit court, and before respondent, for separate trials on the question of damages.

Respondent's return admits the allegations in paragraph 4 of relator's petition, which reads as follows: "4. In its preparation in the trial of the above styled action relator has caused the premises sought to be condemned to be viewed and appraised by Vincent J. O'Flaherty, Jr., David B. Childs, and Joseph E. Stern, all of whom are persons engaged in the real estate business in Kansas City, Missouri, and familiar with property values in the city. Each of said persons inspected the property at about the time the above styled suit was commenced and prepared records, notes and written data regarding said property. Each of said persons was paid by relator for his services."

On or about June 17, 1955, counsel for Leo C. Moyer Corporation served a notice to take depositions on counsel for relator, and caused "notarial subpoenas duces tecum" to be served on Vincent J. O'Flaherty, Jr., David B. Childs, and Joseph E. Stern. The subpoenas required the production of "all records and papers" in their possession showing the basis for their conclusions as to the value of the property condemned. O'Flaherty, Childs and Stern appeared at the time and place set for the taking of their depositions. They did not produce the records and papers requested for the reason that they had been advised by counsel for relator that the "notarial subpoenas duces tecum" were not issued under authority of law. O'Flaherty was sworn and testified, and a copy of his deposition is attached to relator's petition as Exhibit C.

O'Flaherty testified that he was employed by relator to appraise the value of the property involved in the condemnation proceeding; that in making the appraisal he "employed the three methods commonly used by appraisers"; that he inspected the building owned by Leo C. Moyer Corporation (hereinafter referred to as Moyer); that in determining the value of the Moyer property he considered, among other factors, building replacement cost, less depreciation, and the rental value of the property; that he "checked" the rental income from similar buildings in the vicinity, and "had a good idea of what rents were being paid in the neighborhood". He said that in determining the value of the Moyer property he also considered the price paid for similar property in the vicinity; that he had in his possession a certificate prepared by a title company which showed recent sales of comparable property; that he submitted "an appraisal" to relator; and that in his opinion the value of the Moyer property was $24,000. When he was asked whether he had with him his appraisal report or any of his notes and records pertaining to the value of the property in question, he said that he did not.

After witness O'Flaherty testified on direct examination, the taking of depositions was adjourned. On the same day counsel for Moyer applied to respondent, judge of said Division 5 of the circuit court, for an order authorizing the issuance of a subpoena duces tecum directed to the three appraisers, O'Flaherty, Childs and Stern, commanding them to produce certain described records in their possession on the taking of the depositions in the pending cause. A hearing on the application resulted in an order authorizing the issuance of a subpoena duces tecum "for the records in the possession of David Childs, Vincent J. O'Flaherty, and Joseph Stern which they used in arriving at the value of the property described in this action belonging to this defendant". No question has been raised as to the sufficiency of the application or the form of the order. Following the entry of the order, relator instituted this proceeding in prohibi-

tion to prevent respondent from enforcing the order. Respondent's return to our provisional rule admits the facts set out above. It alleges that "the documents, records and written data sought to be obtained were all obtained and prepared by the above-named witnesses following their employment by the relator in the regular course of business in which relator was then engaged." Relator filed a motion for judgment on the pleadings.

In this proceeding relator is attacking the order which respondent made and the burden is on relator to show that the documents and records in question are not admissible as substantive evidence in the pending condemnation proceeding, or that they are privileged, or that respondent otherwise lacked jurisdiction or exceeded his jurisdiction in making the order. State ex rel. Clemens v. Witthaus, 360 Mo. 274, 228 S.W.2d 4, 8. Prohibition is the appropriate remedy when a court acts or is about to act either without jurisdiction or in excess of its jurisdiction. State ex rel. Burke v. Scott, 364 Mo. 420, 262 S.W.2d 614, 616.

Relator contends that respondent exceeded his jurisdiction in making the above order. In support of this contention relator urges (1) that the documents and records in question are privileged, because they were obtained and made "in anticipation of and preparation for litigation", citing State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, and (2) that the trial court had no authority to make the order complained of, because said documents and records are not admissible as substantive evidence in the pending case. In connection with its argument that the documents and records are privileged, relator points out that respondent's return admits the allegations in paragraph 4 of relator's petition, which is quoted above.

Section 492.280 RSMo 1949, V.A.M.S., Sec. 142, Laws 1943, p. 396, provides: "Upon order of the court in which a cause is pending a subpoena may command the production of documentary evidence on the taking of a deposition and the court may also order a party to produce documentary

evidence on the taking of a deposition." Leo C. Moyer Corporation was admittedly attempting to proceed under the first clause of this section when it applied to respondent for the order under discussion.

Section 510.030 RSMo 1949, V.A.M.S., Sec. 86, Laws 1943, p. 379, provides in part: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may * * * Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *."

Section 510.030, supra, "does not authorize an order for the production of any of the documents or things mentioned in said section, unless they 'constitute or contain evidence material' to some matter involved in the action." State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, supra, 257 S.W.2d 69, 72, and cases cited. In State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.2d 645, 647, 166 A.L.R. 1425, the court pointed out that there is nothing in Sec. 510.030, supra, "which authorizes the production of evidence which would be inadmissible at the trial, even if it were to be used for the purpose of discovery." The "production of books and papers thereunder is not authorized upon the possibility of the impeachment of witnesses or for prying into an adversary's preparation for trial." State v. McDonald, 342 Mo. 998, 119 S.W.2d 286, 289. In State ex rel. Headrick v. Bailey, Mo.Sup., 278 S.W.2d 737, 741, it was said that all of the cases "hold this possibility will not authorize an order to produce under" Sec. 510.030, supra.

Section 492.280, supra, authorizing the court to compel the production of documentary evidence on the taking of depositions, does not expressly require that the "documentary evidence" mentioned be relevant and material to the issues in the pend-

ing cause, but our Supreme Court has construed the section as making that requirement. State ex rel. Clemens v. Witthaus, supra, 228 S.W.2d 4, 9. In State ex rel. Thompson v. Harris, supra, 195 S.W.2d 645, 648, the court said: "There is no authority to compel the production of the copies of the statements herein sought in view of the fact they are hearsay and inadmissible. They could not be ordered produced on depositions." See also State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W.2d 907.

As stated, in the instant case the respondent judge, on the application of Moyer, made an order authorizing the issuance of a subpoena duces tecum "for the records in the possession of David Childs, Vincent J. O'Flaherty and Joseph Stern which they used in arriving at the value" of the Moyer property. It is conceded that the "records" sought consist of notes as to the condition of the Moyer building, notes as to the rental values of comparable property, notes pertaining to building replacement cost and depreciation, a certificate of a title company purporting to show recent sales of comparable property and the prices paid for such property, and an appraisal report.

■ It is clear that statements in the certificate prepared by the title company

are hearsay and would not be admissible as substantive evidence in the pending condemnation proceeding. See Missouri Public Service Co. v. Hunt, Mo.App., 274 S.W. 2d 27, 30. The same is true of statements in the "notes" and appraisal report. These statements would not be admissible except for possible impeachment purposes. As stated, this possibility will not sustain respondent's order. We hold, therefore, that respondent exceeded his jurisdiction in making the questioned order.

In view of our conclusion with reference to whether the "records" in question constitute or contain evidence material to the issues in the pending cause, it will not be necessary to consider relator's contention that the "records" are privileged. Nor is it necessary to consider the sufficiency of respondent's order.

The provisional rule heretofore issued should be made absolute, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The provisional rule is made absolute.

All concur.