**STATE of Missouri ex rel. Richard K. PHELPS, Prosecuting Attorney of Jackson County, Missouri, Relator,**

v.

**Joe W. McQUEEN, Judge of the Circuit Court of Jackson County, Missouri, Respondent.**

No. 45441.

Supreme Court of Missouri.

En Banc.

Dec. 10, 1956.

Richard K. Phelps and Carrol C. Kennett, Kansas City, Brown & Koralchik, Kansas City, of counsel, for relator.

Kelso Journey, Clinton, for respondent.

Joseph Koralchik, Jacob Brown, Kansas City, amici curiæ.

HOLLINGSWORTH, Judge.

This is an original proceeding brought by Richard K. Phelps, Prosecuting Attorney of Jackson County, to prohibit Honorable Joe W. McQueen, Judge of Division 6 of the Circuit Court of said county, from enforcing a subpoena duces tecum and an order for production of books, papers, records and documents for inspection by counsel for defendant in a certain criminal case pending in said circuit court, wherein Phillip Tramont is charged by indictment with forgery of a check.

The aforesaid criminal case was set for trial before respondent in Division 6 of said Circuit Court for February 20, 1956. The indictment charges that Tramont forged a check purporting to be a payroll check of American Auto Parts Co., Inc., executed by Sherman Glazer, on February 12, 1954, drawn on City National Bank & Trust Company, payable to one Jerry Levy, in the sum of $110.36. There is also a second charge of forgery pending against Tramont, based upon a similar check bearing date of February 5, 1954, and there are other checks in the possession of United Auto Parts Co., Inc., or of relator that "may be introduced in evidence by the State" at the trial of one or both of the criminal cases. Prior to employment by American Auto Parts Co., Inc., Tramont was in the employ of United Auto Parts Co., Inc., which corporations, it is said, have common stockholders, but are otherwise separate and distinct.

On February 17, 1956, the trial date of the first mentioned criminal case was changed to February 23, 1956. On the same day, February 17, 1956, Tramont's counsel caused the Clerk of Division 6 to issue a subpoena duces tecum directed to "Sherman Glazer, Jack Glazer, Louis Pack, Norman Glazer, American Auto Parts Co., Inc., United Auto Parts Co., Inc., Harry Krantz, Louis Swenk, Carl Lipoff, Lipoff and Sharlip, CPAs", commanding them to produce at the trial:

"All the records of and pertaining to the United Auto Parts Co., Inc., and the American Auto Parts Co., Inc., that were prepared, made or were in force from September 1952 to June 1954 inclusive, as follows: All bank account records; canceled bank checks, bank check stubs or duplicate copies of

checks; copies of sale bids; surety bond or bonds on Phillip Tramont and all records of any claims made thereon and moneys received thereon at any time; all correspondence files that Phillip Tramont had contact with in the performance of his employment with said corporations; all employment records of Phillip Tramont; all financial statements of said two corporations; copies or records of sale bids by said corporations; all U. S. or foreign government contracts in force during said period held by said corporations; and copies and records of requisitions submitted thereon and records of moneys received thereon; all profit and loss statements of said corporations; all audit reports of said corporations; all invoices and records of all goods purchased by said corporations; and all permanent journals, ledgers, cash books, and other records reflecting any of the information contained in the above. Also copies of all income tax returns of addressee corporations."

(Presumably, the witnesses named in the above subpoena are officers, employees or agents of one or both of the corporations whose described books, papers and documents are sought.)

On the same date, February 17, 1956, counsel for Tramont filed an unverified motion entitled "Motion for Production of Subpoenaed Documents", which alleged that the documents described in the subpoena duces tecum were not procurable in advance of trial; that defendant could not properly prepare for trial without advance inspection and copying of portions thereof, which privilege, the motion alleged, had been refused to defendant; that extensive and relevant portions of the aforesaid documents "must be sorted and their locations determined so that the trial may not be unreasonably delayed * * *"; that the documents "pertained to defendant's (Tramont's) innocence * * * and will tend to disprove the accusations against

him"; and that the application was made in good faith and not to obtain discovery generally. On the same day, "upon consideration of motion of the defendant", respondent issued an order to the persons and corporations named in the subpoena duces tecum to produce on February 18, 1956, and to permit inspection, copying or photographing by defendant of all of the books, papers, records and documents described in the subpoena duces tecum. On February 20, 1956, relator filed and respondent heard and overruled relator's motions (a) to quash the subpoena duces tecum and (b) to quash the order for production and inspection. Relator thereupon filed in this court his petition for writ of prohibition in which he alleged that the order for production, inspection and copying of the aforesaid books, papers, documents and records was summarily entered without notice, and that both the subpoena duces tecum and the order to produce were illegal, unreasonable and oppressive. Our provisional rule in prohibition was thereupon issued, to which respondent filed return.

In his return, respondent denied that defendant had no notice of or for a hearing on the motion for production and inspection, and alleged that in January, 1956, relator and Tramont's counsel agreed in conference before respondent that defendant "might inspect and copy said records without the necessity of a court order" and that relator "would recommend to the complaining witnesses" that such inspection be permitted; that relator did recommend said inspection but the "complaining witnesses" refused it; that on February 16, 1956, relator and counsel for Tramont agreed that the latter "might file with the trial court the following morning his Motion for Production of Subpoenaed Documents without the necessity of a formal written notice", and that the order might be granted "whether Relator was present or not"; that subsequent to entry of the order and service of the subpoena "a general understanding by all was reached to the effect that the

inspection might proceed as ordered by the Court"; that the inspection was commenced, but that "when preparation was made to make a photostatic copy of records that would be material to the issues", complaining witnesses refused further inspection and copying. The return then pleads that relator is estopped to assert that the petition for production was heard without notice.

In a reply filed to respondent's return, relator denies that he entered into any agreement with counsel for Tramont (who is also counsel for respondent) that inspection and copying of said records would be permitted without a court order; that there was ever any agreement that counsel for Tramont could have access to any and all records desired by counsel and in the possession of State's witnesses, irrespective of their relevancy; that relator ever denied counsel for Tramont the right to inspect and copy the check involved in the aforesaid criminal proceeding and other checks of Tramont in relator's possession "which may be introduced in evidence by the State" in the trial of Tramont; that relator was ever in possession of any of the records (other than the aforesaid checks) described in the order to produce and in the subpoena duces tecum; and alleges that there was never any attempt made by Tramont "to prove the relevancy or pertinence" of said records; and that no proof thereof was offered in connection with presentation of Tramont's motion to produce or the hearing on relator's motion to quash.

Subsequent to the reply of relator and the setting of the case for argument in this court, relator filed brief herein, but respondent has filed no brief in addition to suggestions filed in opposition of issuance of the provisional rule. By agreement of the parties, the cause was submitted without any proof whatever of any of the controverted allegations of fact in either the petition, the return or the reply.

Our Rules of Criminal Procedure make no provision for discovery and inspection in criminal cases. (We do not here consider the inherent power of a trial court, upon proper showing, to order limited discovery in behalf of a defendant in a criminal proceeding.) However, our Rule 25.19, 42 V.A.M.S., taken from Federal Rule of Criminal Procedure 17(c), Title 18 U.S. C.A., provides that upon application of either party a subpoena duces tecum may issue for the production of books, papers, documents or other objects. It further provides:

"The court on motion made promptly may quash or modify the subpoena if compliance would be illegal, unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

The Federal courts have frequently construed Federal Criminal Rule 17(c), supra, from which, as stated, our Rule 25.19 is taken. A brief review of those cases may be of aid in determining the issues presented in the instant proceeding. (Federal Rule of Criminal Procedure 16, Title 18, U.S.C.A., permits discovery in criminal cases to a very limited extent. It authorizes the trial court to order the attorney for the government to permit a defendant in a criminal case to inspect and copy or photograph designated books, papers, documents or tangible objects obtained from or belonging to the defendant or obtained from others by seizure or process, upon showing that the items sought may be material and the request reasonable.)

In construing Rule 17(c), the Federal courts have definitely and repeatedly declared that it does not in any manner extend the limited right of discovery provided in Federal Rule 16, and that Rule 17(c) is not to be used for a "fishing expedition".

Bowman Dairy Co. v. United States, 341 U.S. 214, 219, 71 S.Ct. 675, 678, 95 L.Ed. 879, 880. In United States v. Winkler, D.C., 1955, 17 F.R.D. 213, it was held that the right of a defendant to production and inspection of documents and objects prior to trial under Rule 17(c) is not absolute and that good cause for production and inspection must be first shown by the party seeking the same. In that case an unverified motion that did not particularize or identify except in the most general terms the documents nor make any showing that they would be admissible in evidence or relevant at the trial was quashed on motion. In United States v. Schine, D.C., 1955, 16 F.R.D. 514, 516, it was held that the right to broad discovery does not exist in criminal cases and that the office of a subpoena duces tecum is to insure production of documents at the trial which are evidentiary and relevant, and that Rule 17 (c) was not intended as a provision for discovery.

Our statute authorizing issuance of subpoenas duces tecum at the taking of depositions in civil cases, Section 492.280 RSMo 1949, V.A.M.S., is reasonably analogous to the provision of our Rule 25.19 and our construction of the purpose and limitations of that section sheds light upon the question here presented. It authorizes, upon order of the court, the issuance of a subpoena duces tecum at the taking of depositions in civil cases. We have consistently held that a subpoena duces tecum issued under its provisions may not be used in lieu of or in addition to the limited provisions of Section 510.030 RSMo 1949, V. A.M.S., relating to discovery in civil actions, and that the trial court is without jurisdiction to require the production of documentary evidence at the taking of depositions unless such evidence is first shown to be relevant and material to the issues in the pending cause. State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.2d 645, 647, 166 A.L.R. 1425; State ex rel. Clemens v. Witthaus, 360 Mo. 274, 228 S.W.2d 4, 7, and cases therein cited; State ex rel.

Land Clearance for Redevelopment Authority of Kansas City v. Southern, Mo. App., 284 S.W.2d 893, 896.

 We hold that our Rule 25.19 is not intended as a rule of discovery. Rather, its purpose is to enforce production of documents or objects at the trial that contain evidence material and relevant to the issues and to require prior production and inspection of such records or objects if prior production and inspection will expedite the trial. It follows that the trial court is without jurisdiction to enforce a subpoena duces tecum or to make an order to produce for inspection in the absence of good cause shown, which should appear from the motion, the evidence or admissions of the parties that such books, papers, records and documents contain evidence that is relevant and material to the issues. It is with these principles in mind that we must determine the question presented in this proceeding.

 In the trial court, the burden was upon Tramont to show good cause for issuance of the order and subpoena. In this proceeding, however, the burden rests upon relator not only to show that the order and subpoena were issued without good cause but that the trial court exceeded its jurisdiction.

 Rule 25.19 vests the trial court with a broad discretion in determining whether good cause exists for the enforcement of a subpoena duces tecum (no order seems to be required for its issuance in the first instance) or for the issuance of an order to produce for pretrial inspection. For that reason, prohibition should not issue unless it is further made to appear prior to trial that enforcement of the subpoena and the order for production and inspection prior to trial constitutes a clear violation of fundamental rights. State ex rel. St. Louis Union Trust Co. v. Sartorius, 351 Mo. 111, 171 S.W.2d 569. However, it is also clear that enforcement of a subpoena duces tecum or an order for pretrial pro-

duction and inspection of the books, papers, records and documents involved in this proceeding without good cause shown (to which the court's attention is promptly called by motion to quash as provided in Rule 25.19, as was done in this instance) would undoubtedly be illegal, unreasonable, oppressive and violative of fundamental rights.

■■ As stated, the pleadings of each of the parties allege numerous facts which are denied by the other. Obviously, neither the affirmative allegations nor the denials prove themselves. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69, 71 [7]; Rippe v. Sutter, Mo., 292 S.W.2d 86, 89 [6–9]. Even courts speak only through their records. Section 476.010 RSMo 1949, V.A.M.S.; Cunio v. Franklin County, 315 Mo. 405, 285 S.W. 1007, 1008 [4]; State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S.W. 2d 961, 963. In any event, however, the facts in controversy are not necessary to a proper disposition of the instant proceeding. The record and uncontroverted facts are sufficient.

■ No contention is made by either of the parties that there was ever any evidence adduced in support of the subpoena or of the motion for the order to produce. The record shows only that "upon consideration of motion of the defendant for an order of this court requiring [witnesses named in subpoena] to produce", etc., the order was made. Neither is any contention made by respondent in his return that any of the books, papers, records and documents called for in the subpoena and the order to produce do in fact contain evidence that is relevant and material. The broad extent of the order to produce the records and documents described therein bespeaks the immateriality of much of it. Can there be any doubt that discovery was a material factor in the procurement of the subpoena and the order to produce? We think not.

We must hold that the subpoena and the order to produce for inspection are illegal, oppressive, violative of fundamental rights of those against whom they are directed and, under the circumstances shown herein, constitute an excessive exercise of respondent's jurisdiction in the premises. State ex rel. Clemens v. Witthaus, 360 Mo. 274, 228 S.W.2d 4, 9; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 386, 8 A.L.R.2d 1124.

The provisional rule in prohibition is made absolute.

All concur.